[No. 7187.   Decided May 23, 1908.]

THE STATE OF WASHINGTON, *Appellant*, v. GLEN PARMETER, *Respondent.*[1]

CRIMINAL LAW—DISMISSAL FOR FAILURE TO PROSECUTE—APPEAL—STATUTES—CONSTRUCTION. Where the accused, convicted in a police court, has on appeal been discharged from custody on giving bond to appear and prosecute his appeal, he is not entitled to a dismissal of the charge because more than sixty days elapsed without trial after the taking of the appeal, where he made no demand for trial, under Bal. Code, § 6911, requiring the dismissal of a prosecution if the accused is not brought to trial within sixty days after the information is filed if the trial was not postponed on his application; since he was accorded a speedy trial in the police court, and was bound to demand trial on appeal for his own benefit, under Bal. Code, § 6763, requiring him to appear and prosecute the appeal.

[1]Reported in 95 Pac. 1012.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 28, 1907, in favor of the defendant, dismissing a criminal charge pending an appeal from a judgment of conviction. Reversed.

*Marquis & Shields* and *R. E. Taggart*, for appellant.

*J. C. Cross* (*A. Emerson Cross*, of counsel), for respondent.

CROW, J.—This action, which is a prosecution of Glen Parmeter for the violation of an ordinance of the city of Aberdeen, was originally commenced in the city police court where, upon trial before a jury, the defendant was convicted and fined. On July 18, 1907, he appealed to the superior court for Chehalis county, and upon filing an appeal bond was discharged from custody. On September 21, 1907, the defendant served and filed in the superior court an application for the dismissal of the action, on the ground that more than sixty days had elapsed since the taking of his appeal, and that the trial of the cause had not been postponed on his application. This motion being sustained, judgment was entered, discharging the defendant, exonerating the sureties on his appeal bond, and taxing the costs against the city of Aberdeen. The plaintiff has appealed.

This action, prosecuted for the violation of a city ordinance, although conducted in the name of the state of Washington, was commenced in the police court of the city of Aberdeen, which had original jurisdiction. In that court the respondent was promptly tried and convicted. He appealed, and now contends that he was entitled to be discharged and to a dismissal of the action by the superior court under Bal. Code, § 6911 (P. C. § 1531), reading as follows:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found or the information filed, the court must order it to be dismissed, unless good cause to the contrary be shown."

The bill of rights of the state constitution, art. 1, § 22, provides that, in criminal prosecutions, the accused shall have the right to a speedy trial; and Bal. Code, § 6911, *supra*, was enacted for the purpose of enforcing such right. The respondent has already been awarded a speedy trial before a jury in the court of original jurisdiction. His appeal removed the cause to the superior court, and was taken for the sole purpose of obtaining another trial and securing his discharge, if acquitted. Under these circumstances he should at least have demanded such trial in the superior court before seeking a dismissal and discharge under the statute. Bal. Code, § 912 (P. C. § 3467), provides that appeals from the police court to the superior court may be taken as an appeal is taken from a justice's court; and Bal. Code, §§ 6763, 6764 (P. C. §§ 3082, 3083), define the method of taking such appeals in criminal actions. The former section by express terms provides that the bond to be given by the appellant shall be conditioned that he will appear in the superior court and there *prosecute his appeal;* while the latter directs that, if he shall fail to enter and prosecute his appeal, he shall be defaulted of his recognizance and the superior court may award sentence against him for the offense whereof he was convicted, in like manner as if he had been convicted in that court. In view of these sections, it is not necessary for us to determine whether the respondent, after conviction in the police court, could be discharged for unnecessary delay of proceedings and the want of a speedy trial, after he had on appeal demanded trial in the superior court, it not being shown that he ever made any such demand. On the record before us, we are of the opinion that he was not entitled to a discharge, for the reason that he had been awarded a speedy trial in the police court, that the appeal was taken by him after such trial for his own benefit, and that thereafter he should have diligently prosecuted the same by demanding the new trial to which he was entitled in the superior court. Having failed to do this, he

was in no position to invoke the statute in his behalf, and demand his discharge and dismissal of the action.

He contends, however, that the superior court in making the order of dismissal properly relied on the case of *In re Murphy*, 7 Wash. 257, 34 Pac. 834, as holding that the statute applied when a new trial had been granted after conviction, and that the sixty days should begin to run from the date of the order granting the new trial. We do not regard that holding as applicable to the facts now before us. In that case the superior court had original jurisdiction, and granted the new trial. Here it obtained jurisdiction by appeal. The respondent had been convicted in the police court. No order awarding him a new trial had been made in that or any other court. He was entitled to trial in the superior court only by reason of his appeal if diligently prosecuted. Failure upon his part to so prosecute the same would authorize the superior court to award sentence against him without further trial, in like manner as if he had been there convicted.

The judgment is reversed, and the cause remanded with instructions to reinstate the action and proceed with the trial.

HADLEY, C. J., MOUNT, ROOT, FULLERTON, and RUDKIN, JJ., concur.