[No. 11840.   Department Two.   July 3, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v. ALBIN JONES, *Respondent*.[1]

CRIMINAL LAW—DISMISSAL FOR FAILURE TO PROSECUTE—APPEAL— EXCUSE FOR DELAY—DILIGENCE. Accused, convicted in police court and appealing to the superior court, is not entitled to a dismissal for failure of the state to bring the case to trial within sixty days, as required by Rem. & Bal. Code, § 2312, where he made no demand upon the court itself to have the case set for trial, although he frequently requested the prosecuting attorney to move therefor and no criminal cases were set for trial except on such motion; since § 2312, has no application to appeals from convictions in justice court, in view of Id., §§ 1919 and 1920, providing that the bond on appeal shall require the defendant to appear in the superior court and prosecute the appeal, and directing default of his recognizance and sentence against him if he fails to do so; his requests to the prosecuting attorney not being reasonable diligence in the discharge of his obligation to prosecute the appeal.

[1]Reported in 141 Pac. 700.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 6, 1914, dismissing a prosecution on a statutory defense, for failure of the state to bring the case to trial within sixty days after the filing of a transcript on appeal from justice court.   Reversed.

*John F. Murphy* and *S. H. Steele*, for appellant.

FULLERTON, J.—In September, 1913, the respondent was convicted in the justice's court of Ravensdale precinct, in King county, of the offense of entering a coal mine against caution, and sentenced to pay a fine of fifty dollars.   He appealed from the judgment to the superior court of King county, depositing cash in lieu of a bail bond, in the sum fixed by the justice of the peace, to secure his appearance and the due prosecution of the appeal in the superior court.   The transcript on appeal was prepared by the justice and filed in the superior court on October 1, 1913.   On December 8, 1913, the prosecuting attorney of King county caused the action to be set down for trial on January 18, 1914, duly serving a written notice to that effect upon the respondent.   On January 5, 1914, the respondent moved to dismiss the proceeding, basing his motion on the ground that the same had not been brought on for trial within sixty days after the transcript on appeal had been filed in the superior court.   The motion was accompanied with the affidavit of respondent's counsel to the effect that he had made repeated requests at the office of the prosecuting attorney for a speedy hearing of the appeal, and that, under the law and practice of the superior court of King county, a defendant in a criminal cause is not permitted to have his case set for trial except upon motion of the prosecuting attorney, and that the delay was wholly without his fault and over his protest.   The superior court made no finding that there had been an unreasonable delay in setting the case for trial, but granted the motion on the ground that more than sixty days had elapsed between

the time the transcript on appeal had been filed in that court and the time the cause was fixed for trial, and entered an order setting aside the judgment of conviction in the justice's court and dismissing the proceedings. The state appeals.

The order of the court was founded upon § 2312 of Rem. & Bal. Code (P. C. 135 § 119), which provides:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

In *State v. Parmeter,* 49 Wash. 435, 95 Pac. 1012, we held that this section had no application to an appealed cause from a police or justice's court, that it related only to prosecution instituted in the superior court, and that the appellant himself was obligated to bring the cause on for hearing. In the course of the opinion, the court referred to the sections of statute relating to appeals from justice's court, now found at §§ 1919 and 1920 of Rem. & Bal. Code (P. C. 287 §§ 393, 395) and said that these sections define the method of taking appeals in criminal actions; further saying:

"The former section by express terms provides that the bond to be given by the appellant shall be conditioned that he will appear in the superior court and there *prosecute his appeal;* while the latter directs that, if he shall fail to enter and prosecute his appeal, he shall be defaulted of his recognizance and the superior court may award sentence against him for the offense whereof he was convicted, in like manner as if he had been convicted in that court. In view of these sections, it is not necessary for us to determine whether the respondent, after conviction in the police court, could be discharged for unnecessary delay of proceedings and the want of a speedy trial, after he had on appeal demanded trial in the superior court, it not being shown that he ever made any such demand. On the record before us, we are of the opinion that he was not entitled to a discharge, for the reason that he had

been awarded a speedy trial in the police court, that the appeal was taken by him after such trial for his own benefit, and that thereafter he should have diligently prosecuted the same by demanding the new trial to which he was entitled in the superior court. Having failed to do this, he was in no position to invoke the statute in his behalf, and demand his discharge and dismissal of the action.

"He contends, however, that the superior court in making the order of dismissal properly relied on the case of *In re Murphy*, 7 Wash. 257, 34 Pac. 834, as holding that the statute applied when a new trial had been granted after conviction, and that the sixty days should begin to run from the date of the order granting the new trial. We do not regard that holding as applicable to the facts now before us. In that case the superior court had original jurisdiction, and granted the new trial. Here it obtained jurisdiction by appeal. The respondent had been convicted in the police court. No order awarding him a new trial had been made in that or any other court. He was entitled to trial in the superior court only by reason of his appeal if diligently prosecuted. Failure upon his part to so prosecute the same would authorize the superior court to award sentence against him without further trial, in like manner as if he had been there convicted."

In *State v. Miller*, 72 Wash. 154, 129 Pac. 1100, it was held, in a case where there had been a trial and conviction and the reversal thereof on appeal, that the statute had no application to the retrial of the defendant, but that the sixty-day provision was satisfied by his first trial within that period after the information was filed.

The rule of these cases makes it clear that the ground upon which the trial judge rested his decision is not tenable. It remains to inquire whether the showing of cause accompanying the motion justified the reversal of the judgment of conviction in the justice's court, and the dismissal of the cause. We do not think it does. It must be remembered that the appellant himself was obligated to prosecute the appeal. If he failed to do so with reasonable diligence, the appeal was subject to dismissal on the part of the state, leaving him subject

to punishment under the judgment of conviction, pronounced against him by the justice's court. He cannot, therefore, without some effort made to the court before which the cause is pending to have the cause set for trial, complain that the delay is unreasonable. Here he made no effort in the court to have the cause brought on for hearing. True, he made request at the prosecuting attorney's office to that end, and says that, under the rule of practice in the court of King county, criminal causes are not set for trial except upon motion of the prosecuting attorney. But this was not a cause under the control of that officer. The defendant was himself, in a sense, the prosecutor. He was seeking to relieve himself from an adverse judgment, and before he can claim the right to a dismissal and discharge of the adverse judgment, he must make a reasonable effort before the court itself to have the cause brought on for hearing. Since he did not do this it follows that the judgment of dismissal and discharge was not warranted.

The judgment is reversed, with instructions to reinstate the case and proceed with a trial.

CROW, C. J., PARKER, MORRIS, and MOUNT, JJ., concur.