[No. 13557.  Department Two.  December 26, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. W. E. BUFFUM, *Appellant*.[1]

APPEAL—RECORD—STATEMENT OF FACTS. Affidavits used upon the hearing of a motion cannot be considered on appeal unless brought up by statement of facts.

CRIMINAL LAW—APPEAL—DUTY TO PROSECUTE—DILIGENCE. It is the duty of defendant appealing from a conviction in justice court to diligently prosecute his appeal; and a delay of over five months after perfecting the appeal, with no excuse shown, warrants a dismissal of the appeal for want of diligence.

Appeal from an order of the superior court for Pierce county, Card, J., entered March 15, 1916, dismissing an appeal from a conviction in a justice court, for want of diligence. Affirmed.

*Frank G. Riley*, for appellant.

*Fred G. Remann* and *J. W. Selden*, for respondent.

FULLERTON, J.—On September 1, 1915, the appellant, W. E. Buffum, was convicted in one of the justice's courts of Pierce county of the offense of cruelty to animals. On the pronouncement of the judgment of conviction, he orally gave

[1]Reported in 161 Pac. 832.

notice of appeal from the judgment to the superior court of Pierce county, perfecting the appeal on September 11, 1915, by filing a bond conditioned that he would prosecute the appeal and abide the judgment of the court thereon. Nothing further was done with the appeal by Buffum, and on February 23, 1916, the prosecuting attorney moved to dismiss it on the ground that it had not been diligently prosecuted. This motion the court granted, and Buffum appeals to this court.

There is in the transcript a copy of an affidavit filed by Buffum in which he sought to excuse his apparent want of diligence in failing to prosecute his appeal, but we have held in a long line of cases that matters of evidence introduced at a hearing or on a trial in the court below cannot be brought before this court by certification in the transcript or in any other manner than by a statement of facts; this on the principle that it is only from a statement of facts that this court can know what was before the trial court in the way of evidence. This affidavit, therefore, is not before us and cannot be considered in the determination of the appeal. It follows from this that, if it was the appellant's duty to prosecute the appeal, and if the time elapsing between the date of the appeal and the date of the motion to dismiss it was longer than a reasonable time for such purpose, the court did not err in its order of dismissal.

The appellant controverts both of these propositions, citing to the first the case of *State v. Hall*, 64 Wash. 99, 116 Pac. 593. But this case was rested on the facts shown, the court holding that the record showed that there was no intention on the part of the appellant to abandon the appeal. It was not held that the appellant owed no duty to prosecute his appeal. On the contrary, it was held that the state's motion to affirm the judgment of guilty entered in the justice's court should not be granted, conceding that it was the appellant's duty to bring the case to a hearing. On the other hand, we had theretofore decided in the case of *State*

*v. Parmeter,* 49 Wash. 435, 95 Pac. 1012, that it was the duty of a defendant appealing from a judgment of conviction in a justice's court to diligently prosecute his appeal, saying that he was entitled to a trial in the superior court by reason of his appeal only if diligently prosecuted. The principle of the case was reaffirmed in the later case of *State v. Jones,* 80 Wash. 335, 141 Pac. 700. Since the burden of prosecuting the appeal is on the defendant and not the state, it must follow that the state is entitled to a dismissal when a reasonable time elapses after the appeal is taken and no effort is made on the part of appellant to prosecute it to a final conclusion.

As to the second question, an examination of the dates given will show that a period of over five months elapsed after the appeal was perfected without action being taken on the part of appellant, and no reason shown which we are permitted to consider which excused the delay. Seemingly this is ample time in which to bring the cause on for hearing before a court open on every judicial day and which sits with a jury once in every month. On the face of the record, therefore, we cannot say that the court abused its discretion in dismissing the appeal, and the order of dismissal should stand affirmed. It is so directed.

Morris, C. J., Mount, Holcomb, and Parker, JJ., concur.