[No. 14623. Department One. September 23, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN KOERNER, *Appellant*.[1]

CRIMINAL LAW—APPEAL FROM JUSTICE COURT—DISMISSAL—LACK OF DILIGENCE. One convicted in justice court of selling intoxicating liquors is guilty of laches in prosecuting his appeal to the superior court, where there were but three jury terms a year, all of which he allowed to pass following conviction without bringing the case on for trial; and it is not sufficient excuse to avoid dismissal that his attorney had agreed to notify him when wanted, where the attorney died in May and he took no steps to employ another before the September term.

INTOXICATING LIQUORS—OFFENSES—SALE BY DRUGGIST—COMPLAINT—SUFFICIENCY. A complaint in justice court against a druggist for selling intoxicating liquors in contravention of an ordinance is sufficient without alleging the name of the individual to whom the liquor was sold.

CRIMINAL LAW—APPEAL TO SUPERIOR COURT—COMPLAINT—AMENDMENT. Upon appeal from justice court, the complaint, if not suffi-

[1]Reported in 175 Pac. 175.

ciently definite, is subject to amendment on appeal to the superior court.

Appeal from an order of the superior court for Chelan county, Grimshaw, J., entered October 9, 1917, dismissing an appeal from a conviction in a police court, for want of diligence. Affirmed.

*Hughes & Adams,* for appellant.

*L. J. Nelson,* for respondent.

FULLERTON, J.—The appellant, John Koerner, was convicted in the police court of the city of Leavenworth, Washington, upon a charge of selling intoxicating liquors in contravention of an ordinance of that city. The defendant, in open court, gave notice of appeal to the superior court, and on September 12, 1916, perfected his appeal by filing his bond therefor. The transcript on appeal was certified by the police judge on September 19, 1916, and filed in the superior court on the 22d instant, too late for trial during the September jury term of that year. There are but three jury terms a year in Chelan county, fixed for the months of January, April and September. No move having been made by the appellant to bring the case to trial at the January term, 1917, the attorney for the state, on February 6, 1917, served a notice calling for the setting of the case for trial. No trial day was then fixed, and the case was again noted by the state's attorney for setting for trial in the April jury term. When the case was called at the April term, a stipulation was entered into passing it to the following September term, owing to the sickness of the appellant's attorney. The latter died in the month of May, 1917. The appellant made no attempt to bring the appeal to trial at the September term, and on September 14, 1917, the state served notice of a motion to dismiss the

appeal. This motion came on for hearing on October 4, 1917, and was sustained by the court. The appellant prosecutes an appeal from this order.

The only showing made by the appellant as an excuse for his lack of diligence in prosecuting his appeal from the police court is that his attorney had told him that he would be notified when anything further was to be done with the case, and that he rested in reliance upon that statement. It appears, however, that he knew the case had been passed for trial at the April term with an agreement to take it up at the September term. His attorney died in May, and he failed to employ another in his stead until after he was served with notice of the motion to dismiss his appeal for lack of diligence. The appellant had been convicted of violating a penal ordinance and had been sentenced to pay a fine of $250. Instead of conforming thereto, he took an appeal, ostensibly to relieve him from that penalty. He, however, made no effort to secure his exoneration by bringing the case on for trial, but allowed three jury terms to pass in the course of the year following his conviction. As long as he could have the matter rest in that condition, he was in effect evading the fine imposed on him. As the moving party in an appeal to set aside his conviction in the police court, the duty rested upon him to exercise proper diligence in securing a determination whether he should pay or be relieved from the fine. *State v. Buffum*, 94 Wash. 25, 161 Pac. 832. The dismissal of appeals in such cases is a matter within the discretion of the trial court, and from the showing made here we cannot say that there was any abuse of such discretion.

The further contention is made by the appellant that the complaint upon which he was convicted does not state facts sufficient to constitute a crime, in that it fails to state to whom he sold liquor unlawfully. There

is some conflict in the authorities as to whether it is necessary to name the purchaser in an indictment or information charging one with unlawfully selling intoxicating liquor. The better rule is tersely expressed in *Fletcher v. Commonwealth,* 106 Va. 840, 56 S. E. 149, where it is said: "The gist of the offense is the unlawful sale, and the name of the person to whom it was made is immaterial."

This ruling is favored, without being expressly decided, in our own case of *State v. Bodeckar,* 11 Wash. 417, 39 Pac. 645, where we said:

"The crime, under our statute, consists in the selling, and there would seem to be no reason why the name or names of the individual or individuals to whom the sale is made should be specified;"

citing *State v. Becker,* 20 Iowa 438; *State v. Schweiter,* 27 Kan. 499; *State v. Gummer,* 22 Wis. 422; *State v. Jaques,* 68 Mo. 260; *State v. Heldt,* 41 Tex. 220.

The ordinance which the appellant is charged with having violated declares it "unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of intoxicating liquor." The complaint in the police court charged that "John Koerner did, on or about the 2d day of September, 1916, in the city of Leavenworth, Chelan county, state of Washington, unlawfully commit the crime of unlawfully selling intoxicating liquor; said sale being made by said John Koerner, a druggist, without a prescription or other authority under law, contrary to ordinance No. 169" of the city of Leavenworth. It is provided in § 7 of the same ordinance that,

"Nothing in this ordinance shall be construed to prohibit a registered druggist or pharmacist from selling intoxicating liquor for medicinal purposes, upon the prescription of a licensed physician as herein provided, or for sacramental purposes, upon the order of

a clergyman, as herein provided, or from selling alcohol for mechanical or chemical purposes only; but it shall be unlawful for such druggist or pharmacist to permit any such liquor to be drunk upon the premises where sold.''

While the complaint, as is allowable in justices' courts, is somewhat informal, it sets forth the crime and sufficiently negatives the exception. The person to whom the sale was made was a matter of evidence, as well as the facts showing whether or not the sale fell within the exception. The complaint sufficiently charged the crime for a hearing in the justice court, and if the appellant demanded more particularity in the charge on a trial in the superior court, the complaint was subject to amendment in that tribunal. See.: *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *Everett v. Cowles,* 97 Wash. 396, 166 Pac. 786.

The order of the trial court dismissing the appeal is affirmed.

MAIN, C. J., MITCHELL, PARKER, and TOLMAN, JJ., concur.