[No. 15796. Department Two. July 8, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v. J. BERG, *Appellant*.[1]

CRIMINAL LAW (60-4)—APPEAL FROM JUSTICE COURT—DILIGENCE—DISMISSAL. It is the duty of defendant appealing from a conviction in justice court to diligently prosecute his appeal, which will be dismissed on motion of the state where the justice's transcript was not filed for nearly six months, and nothing had been done to have it filed within a reasonable time.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered January 17, 1920, dismissing an appeal from a conviction in a justice court, for a want of diligence. Affirmed.

*J. W. A. Nichols* and *Browder Brown*, for appellant.

*William D. Askren, Thomas F. Ray*, and *J. W. Selden*, for respondent.

BRIDGES, J.—On July 23, 1919, the appellant was found guilty of a criminal charge made against him, before a justice of the peace in Tacoma, Washington. On the same day he gave oral notice of appeal to the superior court of Pierce county, and at the same time gave a bond conditioned that he would duly prosecute his appeal and abide by and perform the judgment of the superior court. The transcript on appeal was filed in the superior court January 13, 1920. On the next day, the state made and served its motion for dismissal on the ground that the appeal had not been prosecuted within a reasonable time. Thereafter the superior court made an order dismissing the appeal. From that order and judgment, the defendant has appealed here.

[1] Reported in 191 Pac. 400.

Section 1919, Rem. Code, provides that an appeal to the superior court in a case such as this may be taken within ten days after the judgment or sentence, and the appellant shall be committed to the county jail unless he shall give bond to be approved by the justice of the peace, conditioned that he will appear in the court appealed to and prosecute his appeal and abide the sentence of the court. Section 1920 provides that an appellant in a criminal action shall not be required to advance any fees in claiming his appeal or in prosecuting the same, and that, if the defendant shall fail to enter and prosecute the appeal, he shall be defaulted on his bond. Section 1921 makes it the duty of the justice of the peace, on notice of appeal being given, to make and certify a copy of the conviction and other proceedings in the case and transmit the same to the clerk of the court appealed to. In this case the notice of appeal was given July 23, 1919, and the transcript was not filed with the clerk of the superior court till January 13, 1920, nearly six months after notice of appeal was given.

The statute manifestly contemplates that an appeal and the prosecution thereof from a criminal conviction shall be taken and had with reasonable dispatch. The appeal is initiated by the defendant and for his own benefit. It is his duty to make a reasonable effort not only to get his appeal perfected, but to prosecute it after it is once fully in the superior court. In this case the delay was caused by the justice of the peace failing, for a period of about six months, to send to the superior court a transcript of his records. Doubtless the delay was the result of an oversight on the part of the justice, but the record fails to show any effort on the part of the appellant to get the record filed. While it is true that, under the statute, he is

not required to pay to the justice any fees for the transcript, that alone will not excuse him from such a long delay. If he had looked after his appeal as the spirit of the statute contemplates, he would have known that the transcript had not been filed within a reasonable time. Having such knowledge, he was bound to take some action—he was, at least, bound to call the matter to the attention of the justice of the peace and request that officer to send in the transcript. He will not be permitted to initiate the appeal and then complacently wait until someone else acts.

In the case of *State v. Parmeter,* 49 Wash. 435, 95 Pac. 1012, this court, speaking of the duty of the defendant in prosecuting his appeal from the justice's court, said:

"He was entitled to trial in the superior court only by reason of his appeal if diligently prosecuted. Failure upon his part to so prosecute the same would authorize the superior court to award sentence against him without further trial, in like manner as if he had there been convicted."

In the case of *State v. Jones,* 80 Wash. 335, 141 Pac. 700, this court, speaking with reference to a similar appeal, said:

"It must be remembered that the appellant himself was obligated to prosecute the appeal. If he failed to do so with reasonable diligence, the appeal was subject to dismissal on the part of the state, leaving him subject to punishment under the judgment of conviction, pronounced against him by the justice's court."

In the case of *State v. Buffum,* 94 Wash. 25, 161 Pac. 832, this court said:

"Since the burden of prosecuting the appeal is on the defendant and not the state, it must follow that the state is entitled to a dismissal when a reasonable time elapses after the appeal is taken and no effort is

made on the part of the appellant to prosecute it to a final conclusion."

It is true that, in the cases from which we have quoted, the delay occurred after the transcript had been filed in the superior court; but there is no greater duty devolving upon the defendant to diligently prosecute his appeal after it has reached the superior court than that imposed upon him in the perfecting of his appeal. We think the superior court was entirely justified in dismissing the appeal for want of diligent prosecution.

The appellant further argues that the criminal complaint did not state any crime under the statute. This question is not before this court. The appeal is here from the order of the lower court dismissing the appeal from the justice's court, and the correctness of that decision is the only matter before us.

The judgment is affirmed.

Holcomb, C. J., Fullerton, Mount, and Tolman, JJ., concur.