[No. 19467.   Department Two.   March 22, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. W. J. TUBBS, *Appellant*.[1]

[1] CRIMINAL LAW (60-4)—APPEAL FROM POLICE COURT—DILIGENCE—DISMISSAL. The dismissal of an appeal from a conviction in police court, for want of diligence, after a delay of eighteen months, will not be disturbed where abuse of discretion is not shown.

[2] CRIMINAL LAW (400)—APPEAL—RECORD—MATTERS TO BE SHOWN. An assignment of error in that the facts stated in the complaint constituted no crime cannot be considered where the facts as claimed are not disclosed by an authenticated record.

Appeal from a judgment of the superior court for Lincoln county, Truax, J., entered March 13, 1925, dismissing an appeal from a conviction in a police court, for want of diligence. Affirmed.

*Corkery & Corkery*, for appellant.

*Roy C. Fox*, for respondent.

MITCHELL, J.—The appellant was convicted in the police court of the city of Davenport, Washington, of the crime of the unlawful possession of intoxicating liquor, in violation of a city ordinance, on August 14, 1923. On that day, he gave oral notice of appeal to the superior court of Lincoln county, and at the same time gave an appeal bond. The transcript on appeal was filed in the superior court on February 13, 1925—eighteeen months after the date of the notice of appeal. On the same day the state served and filed in the superior court its motion for dismissal, on the ground that the appeal had not been diligently prosecuted by the appellant. The superior court granted the motion, and from the order and judgment to that effect the defendant has appealed to this court.

[1]Reported in 244 Pac. 256.

[1]  The dismissal of appeals in such cases is discretional with the trial court and we cannot say, on the record in this case, there was any abuse of such discretion. *State v. Koerner,* 103 Wash. 516, 175 Pac. 175; *State v. Berg,* 111 Wash. 422, 191 Pac. 400.

[2]  On behalf of appellant, argument is made upon facts, which it is claimed were the foundation for the complaint filed in the police court, to the effect that those facts constituted no crime.  They are not thus set out in the complaint, which does state facts sufficient to constitute a crime, nor are they disclosed in the authenticated record as made up in either or both the police court and the superior court.  Hence, we are not at liberty to discuss the assignment.

Affirmed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.