[Nos. 20755, 20756. Department Two. December 8, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. E. P. GOODCHILD, *Appellant.*[1]

[1] CRIMINAL LAW (380-1)—APPELLATE JURISDICTION—DISMISSAL OF APPEAL FROM JUSTICE COURT—LACK OF DILIGENCE. It is not an abuse of discretion to dismiss criminal appeals from justice court, where the accused was out of the jurisdiction when the causes were set for trial, his appeal bonds were then forfeited, and nothing was done by him to present the appeals for two years until he was apprehended and brought in on bench warrants.

Appeals from orders of the superior court for Spokane county, Witt, J., entered January 22, 1927, dismissing an appeal from a conviction in a justice's court for want of diligence. Affirmed.

*Lawrence Seltzer,* for appellant.

*Chas. W. Greenough* and *Louis F. Bunge,* for respondent.

HOLCOMB, J.—These two appeals, pending upon the same issues of law and fact in this court, are from two judgments in the lower court dismissing appeals of appellant from a justice court.

Appellant, in the first case, in justice court in and for Spokane county, was on February 24, 1925, charged with the crime of liquor in possession with intent to sell. On March 5, 1925, he was again charged with the crime of liquor in possession with intent to sell. To both charges he entered pleas of not guilty. On a trial before the justice court on the first charge, on March 10, 1925, appellant was found guilty of the charge, was fined four hundred dollars and sentenced to serve ninety days in the county jail. On a trial held March

[1]Reported in 261 Pac. 786.

19, 1925, before the justice court, appellant was found guilty of the second charge filed March 5, and adjudged to pay a fine of six hundred dollars and serve ninety days in the county jail.. From both the above judgments, appellant appealed to the superior court for Spokane county.

On April 13, 1925, the case under which he was convicted on March 10 came on for trial before a department of the superior court. Appellant was not present when the case was called for trial. Not answering when thrice called, it was ordered that his bond be forfeited and a bench warrant issued for his arrest.

On May 4, 1925, the case in which he was convicted on March 19 before the justice court was brought on for trial before a department of the superior court, and again appellant was not present, and, being called and not answering, his bond in that case was ordered forfeited and a bench warrant again issued for his arrest. On January 10, 1927, appellant was found in Spokane county and arrested upon the bench warrants.

The statement of facts in each case shows that, shortly after the cases were up for hearing in departments of the superior court, the deputy prosecuting attorney who had charge of the cases in the superior court received a somewhat taunting post card, signed by appellant, and postmarked at Chicago, Illinois. It thus appears that appellant, at the time the cases were brought on for trial in the superior court, was intentionally absent from this jurisdiction. Apparently, he so absented himself for more than a year thereafter.

On January 20, 1927, the state filed its motions for a dismissal of the appeals in both cases, based upon the ground of want of diligence in prosecuting the appeals. On January 22, 1927, both motions to dismiss were granted by the superior court.

In opposition to the motion to dismiss in both cases,

affidavits were filed by appellant's counsel to the effect that, before the motions for dismissal had been made, counsel for appellant had made a request to the prosecuting attorney, by letter, to set the cases for trial at the next term of court, and that the prosecutor had requested and had a conference with counsel for appellant regarding a compromise of the two charges, offering to let one charge stand on forfeiture of bail bond, if appellant would serve the other; that appellant's counsel refused the offer of the prosecutor, and was then served with motions to dismiss both appeals.

The errors assigned by appellant in each case comprise only the contention that the lower court abused its discretion in granting the motions to dismiss the appeals.

[1] It is the contention of appellant in both cases that the motion by the state to dismiss the appeals came too late, and should have been denied, because appellant had already demanded that the cases be set for trial, and because the prosecutor was stimulated to action only by that demand.

Appellant concedes that the burden of diligently prosecuting an appeal from the justice court to the superior is upon the defendant in such case, but he contends that the state cannot sit idly by and make no motion to dismiss or have the judgment in the justice court affirmed, and then, after appellant has done everything in his power to perfect his appeal, have the case dismissed on motion.

The above contention assumes a premise which is not correct. The state did not sit idly by. The cases had been brought on for hearing in the superior court and appellant was not present to prosecute his appeal. He was not even within the jurisdiction. He continued absent from the jurisdiction, apparently until apprehended on the bench warrants. In such case, the state

was powerless to bring the appeals on for hearing, and it was the duty of appellant to bring his appeals on for hearing, as has been held by this court in several cases. *State v. Parmeter,* 49 Wash. 435, 95 Pac. 1012; *State v. Buffum,* 94 Wash. 25, 161 Pac. 832; *State v. Greenwald,* 102 Wash. 593, 173 Pac. 636; *State v. Koerner,* 103 Wash. 516, 175 Pac. 175.

The statute respecting appeals from justice court in criminal cases is the same now as that noticed in *State v. Parmeter, supra,* and provides that the condition of the appeal bond shall be that the defendant shall appear at the court appealed to and there prosecute his appeal and abide the sentence of the court thereon, if not revised by a higher court.

Since it appears in these cases that appellant had not appeared in the superior court and diligently prosecuted his appeals, but had wilfully ignored the same and remained without the jurisdiction of the court for a long period of time, until re-arrested, the court did not abuse its discretion in dismissing the appeals for failure to diligently prosecute.

The judgments are affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and MAIN, JJ., concur.