[No. 21561. Department One. February 28, 1929.]

THE CITY OF TACOMA, *Respondent*, v. HANS B. NELSEN, *Appellant.*[1]

*P. L. Pendleton,* for appellant.

*E. K. Murray, Leo Teats,* and *Bartlett Rummel,* for respondent.

HOLCOMB, J.—Appellant was convicted before the police judge of Tacoma on February 15, 1927, of a misdemeanor. Within the time prescribed by Rem. Comp. Stat., § 1919, he appealed to the superior court for Pierce county, gave the required bond and failed to prosecute his appeal diligently, or at all, for eleven months thereafter. On January 28, 1928, upon motion by counsel for the city, the appeal was dismissed because not prosecuted with diligence and the fine and jail sentence entered by the police judge, affirmed with costs.

Appellant then moved to vacate the order dismissing the appeal, based upon affidavits, which motion, being heard by the superior court, was denied; appellant was ordered to appear for sentence and, on April 25, 1928, was resentenced by the superior court in accordance with the judgment of the police court

[1] Reported in 275 Pac. 64.

theretofore rendered. From the judgment of the superior court, appellant appeals.

 Appellant concedes that the superior court had discretion to dismiss the appeal, but contends that it was an abuse of discretion to refuse to allow him his "day in court."

Appellant might have had his "day in court" at any time within the eleven months the appeal was pending, had he appeared and demanded trial. The statute is the same now as it was when we passed upon the matter of dismissing appeals from inferior courts to the superior court in *State v. Parmeter,* 49 Wash. 435, 95 Pac. 1012. We there held that the statute contemplated that the burden lay upon defendant to prosecute his appeal with diligence. In *State v. Buffum,* 94 Wash. 25, 161 Pac. 832, there was a delay of five months after perfecting the appeal, with no excuse shown, which was held to be such a want of diligence as warranted the dismissal of the appeal. See, also, *State v. Jones,* 80 Wash. 335, 141 Pac. 700; *State v. Greenwald,* 102 Wash. 593, 173 Pac. 636; *State v. Koerner,* 103 Wash. 516, 175 Pac. 175; *State v. Berg,* 111 Wash. 422, 191 Pac. 400; *State v. Tubbs,* 138 Wash. 116, 244 Pac. 256, and *State v. Goodchild,* 146 Wash. 81, 261 Pac. 786.

Upon the affidavits presented to the trial court in this case attempting to show an excuse for the delay, there was no abuse of discretion in dismissing the appeal.

Affirmed.

FRENCH, FULLERTON, TOLMAN, and BEALS, JJ., concur.