[No. 21985. *En Banc.* April 17, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. DUGGIE ALBERG *et al., Appellants.*[1]

*R. M. Dye,* for appellants.

*Joseph H. Johnston,* for respondent.

MAIN, J.—June 30, 1928, Duggie Alberg and Edwin Alberg, brothers, were each charged in the justice court with the crime of the unlawful possession of a

[1]Reported in 287 Pac. 13.

half a pint of moonshine whiskey. Both defendants, as shown by the records of the justice of the peace, pleaded guilty on this day, and each was given a sentence of sixty days in the county jail and a fine of $100. It was provided in the sentence that, if the fines and costs were paid, the jail sentence would be suspended. Soon after this the defendants employed an attorney, who gave notice of appeal in each case and filed a bond with the justice of the peace.

At the time of sending the bond to the justice of the peace, the attorney wrote that officer a letter in which he directed the justice to prepare and certify a transcript of the proceedings to the superior court, and added that, in case the justice was not familiar with the matter of making up the transcript, he would be glad to assist him, or the justice might call upon the prosecuting attorney. After this nothing further was done until December 14, 1928, when the prosecuting attorney caused a transcript of the proceedings in the justice court to be filed in the superior court, and moved that the appeals be dismissed. The motion was based upon two grounds: First, that the appeals had not been diligently prosecuted; and second, that, since the defendants had pleaded guilty in justice court, they did not have a right of appeal to the superior court. The motion to dismiss was heard upon affidavits and resulted in a judgment dismissing the appeals, from which both defendants appeal.

■ The first question is whether the appeals were properly dismissed by the superior court because not diligently prosecuted. Whether an appeal should be dismissed for this reason is a matter which rests largely in the discretion of the trial court, and the judgment of that court will not be disturbed in the absence of a showing of abuse thereof. The burden of showing that the appeals were diligently prose-

cuted was on the appellants. *State v. Tubbs,* 138 Wash. 116, 244 Pac. 256; *Tacoma v. Nelsen,* 151 Wash. 106, 275 Pac. 64. Whether an appeal should be dismissed because not having been diligently prosecuted, depends upon whether the time elapsing between the date of the appeal and the date of the motion to dismiss was longer than a reasonable time. *State v. Buffum,* 94 Wash. 25, 161 Pac. 832. In the present case, between the time when the appeals were taken and the motion to dismiss was made, no jury term of court had been held in Lincoln county. Had the transcript from the justice court been promptly filed in the superior court, the cases could not have been tried prior to the time that the motion to dismiss was made.

One of the reasons for sustaining the trial court in dismissing appeals in the cases of *State v. Buffum,* 94 Wash. 25, 161 Pac. 832, and *State v. Koerner,* 103 Wash. 516, 175 Pac. 175, was that in one of those cases it appeared that there had been three jury terms between the time when the notice of appeal was given and the motion to dismiss was made, and the other was in a county where a jury was in attendance every month.

This case, by reason of the fact that there had been no jury term subsequent to the appeal and prior to the motion to dismiss, is differentiated from the holdings in those cases. Since less than six months had elapsed and no jury term had been held in the county, at which the appellants could have been tried had the transcript from the justice court been promptly filed in the superior court, we are of the opinion that it should not be held that the appeals were not diligently prosecuted, and the order of dismissal on this ground cannot be sustained.

██ The next question is whether the appeals were properly dismissed because the appellants pleaded guilty in the justice court. It is true that each of the

appellants filed an affidavit in which he denied having pleaded guilty, but there were affidavits by the sheriff of the county, as well as two deputies, who were present at the time and who stated that the appellants, with full knowledge of what they were charged with, did in fact plead guilty. We accept the fact to be that in the justice court both of the appellants knowingly pleaded guilty to the charge made against them. In *State v. Eckert,* 123 Wash. 403, 212 Pac. 551, it was held that a plea of guilty before a justice of the peace precluded a right to appeal where there was no contention that the statute under which the charge was made was invalid, that the complaint was insufficient, or that the defendant did not voluntarily plead guilty with full and complete knowledge of his rights. In the present case the appellants say that no complaint, properly authenticated by the oath of the person making the complaint, was on file with the justice of the peace at the time they were brought before that officer. Section 1925, Rem. Comp. Stat., provides that,

"Any justice shall, on complaint on oath in writing before him charging any person with the commission of any crime or misdemeanor of which he has jurisdiction, issue a warrant for the arrest of such person, and cause him to be brought forthwith before him for trial."

The complaints before the justice of the peace in the cases now before us on their face show that they were signed and verified by the prosecuting attorney. Each of the defendants in an affidavit unequivocally states that the complaints were not signed or sworn to by the prosecuting attorney before the justice of the peace, as required by law, or at all. Neither the prosecuting attorney nor the justice of the peace made counter-affidavits.

A justice of the peace in this state is not a court of record. State constitution, § 11, art. IV; *State ex rel. Brockway v. Whitehead,* 88 Wash. 549, 153 Pac. 349. A justice court not being a court of record, its records are only *prima facie* correct and may be contradicted by competent proof. 16 R. C. L. 390.

On this question, then, the case stands with the record of the justice of the peace showing that the complaints were signed and verified by the prosecuting attorney, and the statement of each of the appellants that the complaints were not so signed and verified. There is no reason given why the prosecuting attorney or the justice of the peace did not file an affidavit controverting the affidavits of the appellants if the fact as therein stated was not correct. In view of this situation, we think the affidavits of the appellants were sufficient to overcome the *prima facie* showing made by the record of the justice of the peace. It thus appears that, at the time the appellants were sentenced, no complaint, properly verified, as required by law, was on file as to either of them, and without such they could not be legally adjudged guilty and sentenced.

█ The appellants having been adjudged guilty and sentence imposed upon them without a complaint, properly verified, being on file with the justice of the peace, we think that, even though they pleaded guilty thereto, they had a right to appeal and question the legality of the procedure. This appears to be the most simple and direct way of raising the question, and if it cannot be raised in this way, it is not clear to us at this time just what the proper procedure might be. Certainly the appellants must have the right in some manner to have the validity of the complaints determined. They did not, by pleading guilty to a void complaint, waive their right to appeal from the judg-

ment and sentence of the justice of the peace to the superior court.

The judgment in each case will be reversed and the causes remanded.

MITCHELL, C. J., TOLMAN, PARKER, FRENCH, MILLARD, and BEALS, JJ., concur.

HOLCOMB, J. (dissenting)—This decision makes the affidavits of two most vitally interested litigants outweigh the certified records of a justice of the peace who was wholly disinterested. That is a rather startling innovation in the law. The decision also invades the discretionary province of the superior court, which we have never done before in such cases, except for "manifest abuse of discretion," which is not shown here.

FULLERTON, J. (dissenting)—I dissent for the reasons stated by Judge Holcomb, and for the further reason that a justice's record cannot be attacked in the manner here attempted.