[No. 26896. Department One. January 12, 1938.]

THE STATE OF WASHINGTON, on the Relation of LeRoy Getman, Plaintiff, v. R. M. WEBSTER, as Judge of the Superior Court for Spokane County, Respondent.[1]

E. M. Connelly, for relator.

Ralph E. Foley and Leslie M. Carroll, for respondent.

MAIN, J.—This is an application for a writ prohibiting the trial court from proceeding further in a cause because it is claimed that the court had no jurisdiction thereof.

LeRoy Getman, the relator, was charged by two complaints filed in the justice of the peace court at Spokane, one of the charges being that he wilfully, unlawfully contributed to the delinquency of minors under the age of sixteen years by supplying them with intoxicating liquor. The other charge was that Getman sold intoxicating liquor, other than beer and wine, by the bottle. The cases were tried together in the

[1]Reported in 75 P. (2d) 124.

justice's court before the same jury, and the jury returned separate verdicts finding Getman guilty on both charges.

The jury fixed the penalty on the charge of contributing to the delinquency at ninety days' imprisonment in the county jail, and on the charge of selling intoxicating liquor a fine of $250. This $250 fine was without authority of law, because, under the statute, the penalty for that offense was imprisonment in the county jail for not less than thirty days nor more than one year. Rem. Rev. Stat. (Sup.), § 7306-92, subd. 4 [P. C. § 3180-102] (Laws 1935, p. 624, § 15).

Getman immediately gave notice of appeal to the superior court, posted an appeal bond, and the transcript was transferred to that court. Thereafter, the charge of contributing to the delinquency was tried first in the superior court and resulted in a verdict of not guilty.

Getman then moved to dismiss his appeal on the charge of selling liquor by the bottle, and an order was entered by the superior court granting the motion. The appeal was dismissed without qualification. Thereafter, the justice of the peace before whom the original trial was had issued a commitment commanding that Getman be placed in the county jail until he complied with the finding of the jury that he pay a fine of $250 and costs. Following this, Getman petitioned the superior court for a writ of *habeas corpus,* which was granted, and he was discharged, on the ground that the $250 fine imposed by the jury was void, as having no authority in law.

The next step was that the superior court, upon motion of the deputy prosecuting attorney, caused a citation to issue requiring Getman to appear for sentence in that court, and such a citation was issued. Getman appeared specially and moved to quash the citation

and motion upon which it was based, one of the grounds being that the superior court was without jurisdiction to issue the citation because the appeal had been dismissed and that court had been divested of jurisdiction in the matter. The motion was resisted, and, after a hearing, the trial court indicated that it would require Getman to appear for sentence. Getman then applied to this court for the writ above indicated.

█ The question is whether, after the appeal had been dismissed, the superior court had any power to cause Getman to appear in that court for sentence.

When there has been a trial and conviction in the justice's court, and the defendant appeals, the superior court is vested with jurisdiction to proceed in the case as if it had originally been commenced in that court. It tries the case *de novo,* and pronounces such judgment as it deems the case warrants. If it finds that the complaint filed in the justice's court fails to state facts sufficient to constitute a crime, it has jurisdiction either to discharge the defendant, allow the complaint to be amended by the filing of a new complaint, or direct that an information be filed against him charging him with that offense which it appears to the court he has committed. *State v. Bringgold,* 40 Wash. 12, 82 Pac. 132; *Seattle v. Savage,* 103 Wash. 71, 174 Pac. 1183.

After a defendant, convicted in the justice's court, appeals to the superior court, it is his duty to prosecute the appeal diligently, and, if he fails to do so, that court, in the exercise of its discretion, may dismiss the appeal. *State v. Buffum,* 94 Wash. 25, 161 Pac. 832; *State v. Tubbs,* 138 Wash. 116, 244 Pac. 256; *State v. Goodchild,* 146 Wash. 81, 261 Pac. 786; *Tacoma v. Nelsen,* 151 Wash. 106, 275 Pac. 64.

If the defendant in the justice's court, who has been

there convicted and appeals to the superior court, does not prosecute his appeal with reasonable diligence, and it is dismissed, it leaves him subject to punishment under the judgment of conviction pronounced against him in the justice's court.

In *State v. Jones,* 80 Wash. 335, 141 Pac. 700, it is said:

"It must be remembered that the appellant himself was obligated to prosecute the appeal. If he failed to do so with reasonable diligence, the appeal was subject to dismissal on the part of the state, leaving him subject to punishment under the judgment of conviction, pronounced against him by the justice's court."

The dismissal of the appeal deprived the superior court of all further jurisdiction of the cause, and the justice's judgment has the same force and effect as if no appeal had been taken. 35 C. J. 809.

Considerable reliance is placed upon the case of *State v. Parmeter,* 49 Wash. 435, 95 Pac. 1012, as sustaining the position of the trial court in causing Getman to be cited in for sentence after the appeal had been dismissed. But that case is clearly distinguishable. There, there was an appeal from the police court, which was subsequently dismissed by the superior court, from which judgment of dismissal there was an appeal to this court, and that judgment was reversed. The judgment of dismissal having been reversed, the case stood as though no motion had ever been made and was still pending in the superior court. What is said in the course of the opinion in that case to the effect that failure on the part of the appellant to prosecute the appeal diligently would authorize that court "to award sentence against him without further trial, in like manner as if he had been there convicted," has no application to a case such as that now before us, where the appeal had been dismissed and no appeal

from the judgment of dismissal to this court had been prosecuted. The appeal having been dismissed, the case stood in the same position as if Getman had been charged by information in the superior court and a judgment of dismissal had been entered and thereafter the court sought to cite him in for further proceedings, which it will hardly be contended could be legally done.

It is true that, in some of the cases where the appeal has been dismissed by the superior court, the order has recited the dismissal and a statement to the effect that the judgment of a justice's court will be affirmed. But the latter statement adds nothing, because the effect of the dismissal, as already pointed out, was to leave the sentence of the justice's court in effect. The fact that, in this particular case, that sentence happened to be a void one does not change the rule.

The writ will issue.

HOLCOMB, MILLARD, GERAGHTY, and SIMPSON, JJ., concur.