[No. 28768. Department Two. November 25, 1942.]

THE STATE OF WASHINGTON, *Respondent,* v. WALLACE H. MOORE, *Appellant.*[1]

[1]Reported in 131 P. (2d) 148.

*John C. Richards,* for appellant.

*Leslie R. Cooper* and *J. W. Dootson,* for respondent.

BEALS, J.—February 3, 1941, Wallace H. Moore was charged in the justice's court for Everett precinct, Snohomish county, Washington, with the offense of driving and operating a motor vehicle along the public highways of Snohomish county "while under the influence of or affected by intoxicating liquor." Moore pleaded not guilty, and after a trial was found guilty as charged and fined fifty dollars and costs, his driver's license to be suspended for the period of one year. From this judgment and sentence the defendant gave notice of appeal to the superior court.

April 13, 1942, the certified transcript of the record before the justice was filed in the superior court, and the same day Moore's attorney filed a note placing the cause on the trial docket. April 14th, the prosecuting attorney served and filed a motion for dismissal of the appeal, basing his motion upon the ground that the appeal had not been prosecuted within a reasonable time. This motion was heard before the superior court April 18, 1942, both the state and Moore appearing by counsel, and after argument the state's motion was granted, and, April 20th following, a formal order dismissing the appeal was entered, it being further ordered that Moore be brought before the superior court for sentence. April 27th, the cause was stricken from the trial calendar.

May 2, 1942, a formal judgment was entered, fining the defendant fifty dollars and costs, and revoking his operator's license. At the time of the entry of this

judgment, defendant gave oral notice of appeal to this court.

Error is assigned upon the order of the trial court dismissing appellant's appeal from the judgment of guilty and sentence imposed in the justice's court; upon the ruling of the superior court striking the cause from the calendar; and upon the entry of judgment against appellant.

Certain affidavits filed before the superior court in connection with the hearing upon the state's motion to dismiss appellant's appeal from the justice's court have been brought before us by way of a statement of facts. In one of these affidavits, made by appellant's counsel, it is stated that, after giving notice of appeal from the judgment imposed by the justice, the affiant ordered prepared a transcript of the record before the justice, and that

". . . thereafter on or about the 7th day of April, 1942, the said W. H. Moore, came to affiant's office and wanted to know what was wrong with his appeal, why it hadn't come up for trial; that affiant on investigation found that the transcript had never gone to the superior court; that affiant told the clerk of the justice court, Snohomish county, Everett precinct, to get said transcript to the superior court immediately."

Affiant further stated that, upon filing the transcript in the superior court, he at once noted the cause for the trial calendar.

It appears that appellant's counsel served his note for the trial docket April 8, 1942, prior to the filing in the superior court of the transcript of record by the justice. The note for the trial docket, as disclosed by the transcript, was filed in the office of the superior court April 13, 1942, the date of the filing of the transcript. The next day the prosecuting attorney moved to dismiss the appeal for want of prosecution.

■ The motion to dismiss was seasonably made. The fact that the note for the trial docket had been served several days previously and filed the day before the state's motion was made, is not of controlling importance.

Appellant cites the cases of *State v. Miller*, 72 Wash. 154, 129 Pac. 1100; *State v. Davis*, 129 Wash. 523, 225 Pac. 225; and *State v. Thomas*, 1 Wn. (2d) 298, 95 P. (2d) 1036, in which this court held that motions by the defendants to dismiss were too late, if made shortly before the date fixed for trial or at the time of trial. These cases are not controlling, as here the state's motion to dismiss was made one day after the transcript on appeal from the justice's court was filed in the superior court. No such motion could be made before the filing of the transcript, and in the case at bar it was made promptly after such filing.

■ Appellant argues that, as under the law it was the duty of the justice of the peace to prepare, certify, and transmit to the clerk of the superior court a transcript ordered by a party to a criminal action, appellant should not be held responsible for the delay in the preparation and filing of the transcript in the case at bar. Certainly, no duty rested upon the prosecuting attorney to expedite the filing of the transcript. That official might have concerned himself with that matter, but was under no obligation to do so.

In the case of *State v. Berg*, 111 Wash. 422, 191 Pac. 400, this court affirmed an order of the superior court dismissing an appeal from a conviction before a justice of the peace for want of diligent prosecution. It appeared that the appellant was found guilty by the justice July 23, 1919, on which day he gave notice of appeal to the superior court. The transcript on appeal was filed with the clerk of the superior court January 13, 1920, and the next day the state moved to dismiss

the appeal for want of prosecution. This motion was granted by the superior court and, from an order dismissing the appeal, the defendant appealed to this court. Affirming the order of dismissal, this court said:

"The statute manifestly contemplates that an appeal and the prosecution thereof from a criminal conviction shall be taken and had with reasonable dispatch. The appeal is initiated by the defendant and for his own benefit. It is his duty to make a reasonable effort not only to get his appeal perfected, but to prosecute it after it is once fully in the superior court. In this case the delay was caused by the justice of the peace failing, for a period of about six months, to send to the superior court a transcript of his records. Doubtless the delay was the result of an oversight on the part of the justice, but the record fails to show any effort on the part of the appellant to get the record filed."

In such a case as this, the burden rests upon appellant to prosecute his case with diligence. *State v. Parmeter,* 49 Wash. 435, 95 Pac. 1012.

In the case of *State v. Nelson,* 151 Wash. 106, 275 Pac. 64, this court affirmed an order of the superior court dismissing an appeal from a conviction before the police judge of Tacoma, it appearing that for eleven months the appellant made no effort to bring his appeal on for hearing.

The dismissal of such an appeal as this rests largely within the discretion of the trial court. In the case at bar, we find no abuse of that discretion, but rather a sound exercise thereof. This conclusion is supported not only by the cases cited but by the cases of *State v. Buffum,* 94 Wash. 25, 161 Pac. 832; *State v. Koerner,* 103 Wash. 516, 175 Pac. 175; and *State v. Tubbs,* 138 Wash. 116, 244 Pac. 256.

The judgment appealed from is affirmed.

ROBINSON, C. J., BLAKE, SIMPSON, and DRIVER, JJ., concur.