[No. 35429.    Department One.    January 26, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL
A. WEST, *Appellant*.[1]

*Lloyd D. Cunningham,* for appellant.

DONWORTH, J.—Appellant was convicted in the police court of the city of Ellensburg of violating ordinance No. 2168, making it unlawful for a minor to (a) consume intoxicating liquor and (b) possess such liquor. He was fined one hundred dollars on each count, the fine on the second count being suspended.

Immediately on his being sentenced, he appealed to the Superior Court for Kittitas County and posted his appeal bond. Five days later he filed with the clerk of the superior court a transcript of the record in the police court together

[1]Reported in 358 P. (2d) 955.

with his appeal bond. Thus his appeal was perfected on February 10, 1959.

On October 23, 1959 (one week after the case had been set for trial in the superior court for hearing on December 17, 1959), the city attorney moved to dismiss his appeal to the superior court on the ground that appellant had failed to diligently prosecute his appeal.

This motion was heard by the superior court upon affidavits of counsel for the respective parties setting forth the facts regarding the manner in which the appeal case was placed on the jury calendar. After hearing the arguments of counsel, the court, by order entered December 11, 1959, dismissed the appeal for failure to prosecute it "in the manner required by law."

Appellant thereupon appealed to this court from the aforesaid order.

The city attorney has made no appearance in this court on behalf of the city of Ellensburg. Consequently, the only brief submitted and the only oral argument presented in this court were by appellant's counsel.

The only question involved is whether the superior court erred in dismissing the appeal from the police court.

The averments of the affidavits of the respective counsel for the parties are not in conflict as to the basic facts regarding the material dates involved. These may be summarized as follows:

February 10, 1959, appellant completed all necessary legal steps to perfect his appeal from the police court to the superior court.

February 20, 1959, the superior court set jury cases for the term from March 9th to March 30th.

Between February 10th and March 18th, appellant's counsel was absent from the United States.

March 23, 1959, appellant's counsel (who resided at Moses Lake) wrote to the clerk of the superior court inquiring "when is the next jury term." The clerk replied that it was expected that the next jury term would be in November.

September 3, 1959, counsel again wrote the clerk: "Please advise when you set jury cases so that we can note it [this case] up for trial." Six days later the clerk replied that the setting of cases for the November jury term would be on October 16th, 23rd, and 30th.

September 30, 1959, counsel mailed a note-up slip to the clerk requesting that the matter be noted on the calendar for setting on October 2nd.

October 16, 1959, the case was set for jury trial on December 17th.

October 30, 1959, the city attorney filed with the clerk his motion to dismiss the appeal for failure to diligently prosecute it.

November 13, 1959, the superior court rendered an oral opinion granting the city's motion to dismiss the appeal.

November 18, 1959, appellant's counsel moved for a rehearing of the city's motion to dismiss the appeal. This motion was supported by a further affidavit of counsel.

December 11, 1959, the superior court entered its order dismissing the appeal.

The law applicable to the foregoing chronological statement of the material facts as shown by the affidavits is found in two statutes. RCW 35.23.600, relating to appeals from the police court in second-class cities (Ellensburg is in this class), provides:

"The police judge in such cities shall have exclusive jurisdiction over all offenses defined by any ordinance of the city, and all other actions brought to enforce or recover any license penalty or forfeiture declared or given by any such ordinance, and full power to forfeit bail bonds and issue execution thereon, and full power to forfeit cash bail, and full power and authority to hear and determine all causes, civil or criminal, arising under such ordinances, and pronounce judgment in accordance therewith: *Provided,* That for the violation of a criminal ordinance, no greater punishment shall be imposed than a fine of one hundred dollars or imprisonment not to exceed thirty days, or by both such fine and imprisonment. In the trial of actions brought for the violation of any city ordinance, no jury shall be allowed. All civil or criminal proceedings before such police judge and judgments rendered by him,

shall be subject to review in the superior court of the proper county by writ of review or appeal. The procedure, in case of appeal or by writ of review, shall be in accordance with the provisions now governing appeals in justice's courts as near as may be."

■ The statutory provisions referred to in the last sentence of the foregoing quotation are contained in RCW 10.10.010, which prescribes the following procedure in regard to appeals from justice courts:

"Every person convicted before a justice of the peace of any offense may appeal from the judgment, within ten days thereafter, to the superior court. The appeal shall be taken by orally giving notice thereof at the time the judgment is rendered, or by serving a written notice thereof upon the justice at any time after the judgment, and within the time allowed for taking the appeal; when the notice is given orally, the justice shall enter the same in his docket. The appellant shall be committed to the jail of the county until he shall recognize or give a bond to the state, in such reasonable sum, with such sureties as said justice may require, with condition to appear at the court appealed to, and there prosecute his appeal, and to abide the sentence of the court thereon, if not revised by a higher court."

This statute has been construed by this court to mean that an appellant must call his case up for trial within a reasonable time. *State v. Berg,* 111 Wash. 422, 191 Pac. 400 (1920); *State v. Stricker,* 19 Wn. (2d) 148, 141, P. (2d) 873 (1943).

On the record before us, we are of the opinion that the superior court abused its discretion in holding that appellant had failed to prosecute his appeal from the Ellensburg police court "in the manner required by law" and dismissing the appeal.

We are not advised what the applicable local court rules or customs are relative to the setting of jury cases in Kittitas county. The record indicates that in 1959 there were two jury terms—one in March and the other in November. The dates for setting cases for these terms were February 20th and October 16th, 23rd, and 30th respectively.

The affidavit of the city attorney in support of the motion to dismiss the appeal states, in part:

" . . . The above-named defendant was tried and convicted of a violation of City Ordinance before Phillip A. Davidson, Police Judge for the City of Ellensburg, on February 5, 1959, and defendant's Notice of Appeal was therewith given. That the transcript of the Police Court Proceedings dated February 6, 1959, was therewith filed in the Superior Court and on February 10, 1959, a proper appeal bond was filed and said appeal is now pending in the above-entitled Court.

"That February 20, 1959, at 10 o'clock A.M. was the time fixed for setting cases for jury trial in said Superior Court for the jury term to commence on March 9 and continue through March 30, 1959. That the above appeal from said Police Court was not brought on for trial during said jury term. That subsequent to February 10, 1959, when the appeal bond was filed, the defendant did nothing to perfect his appeal until after the following events had taken place: . . ."

The two events referred to are: (1) That a captain of police (who was a witness in the police court) moved from Ellensburg to LaGrande, Oregon, about September 15th, and (2) that the police judge died August 28th.

In our opinion, these two events are immaterial in the premises. Whether or not appellant called his case up for trial within a reasonable time has nothing to do with the fact that material witnesses have died or moved out of the state subsequent to the trial in the police court. These are the ordinary hazards of criminal prosecutions. If appellant used reasonable diligence, he is entitled to have a trial *de novo* in the superior court regardless of whether (as the city attorney deposes) such loss of proof and testimony renders it "impractical to have a trial of this case de novo in the Superior Court."

The record shows that there were ten days (February 10th to 20th) after the appeal was perfected within which it might or might not have been physically possible to note the case for trial during the March jury term.

The affidavit of the city attorney states that February 20th, at ten o'clock a.m., was the time fixed for setting cases for the March jury term. He does not state that, if appel-

lant had noted his case for trial between February 10th and 20th, it would have been set for trial during the March term.

A copy of the tentative jury calendar for the November jury term as it existed on October 2nd is in the record, but no such information is furnished us relative to the condition of such calendar for the March term.

██ Upon our consideration of the entire record, we cannot find that there is a reasonable basis for the trial court's dismissing the appeal from the police court in this case. It seems to us that, in view of all the existing circumstances, appellant called up his case for trial within a reasonable time after he perfected his appeal to the superior court.

The order of December 11, 1959, from which the present appeal is prosecuted, is reversed with directions to reinstate appellant's case for further proceedings according to law.

FINLEY, C. J., WEAVER, OTT, and HUNTER, JJ., concur.