### H. WARD v. THE STATE.

#### No. 1393. Decided January 26, 1898.

**Appeal Bond from Justice to County Court—Practice.**

Our statutes require, that in appeals from justices to county courts an appeal bond with security in double the amount of the fine and costs must be given and be approved and filed by the justice within ten days after the motion for new trial is overruled. A failure to give such bond can not be cured by the filing of such a bond in the county court. Nor is the failure excused by the fact that appellant had no lawyer and relied upon the constable and justice of the peace to perfect his appeal.

APPEAL from the County Court of Navarro. Tried below before Hon. J. F. STOUT, County Judge.

Appeal from the dismissal of an appeal to the county court from a justice court.

Appellant was convicted in the justice court for unlawfully killing a dog, the property of one J. M. Bankston, and was fined $10 by the justice. His appeal to the County Court was dismissed for the want of an appeal bond.

[No briefs for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted in the Justice Court, and prosecuted an appeal to the County Court. The appeal was there dismissed on account of the bond not being in double the amount of the fine and costs. Appellant prayed the right to give a new bond, and proffered a new bond, in double the amount of fine and costs, in resistance to the motion to dismiss his appeal. The appeal, however, was dismissed, and he prosecutes an appeal to this court.

He assigns as error the action of the court below in dismissing his appeal. We think the action of the court in dismissing said appeal was in conformity with the statute on the subject, authorizing appeals from the justice to the county court. See Code Crim. Proc. 1895, arts. 889,

890.   Said articles require that bond shall be given with security in double the amount of the fine and costs; the same to be filed and approved by the justice within ten days after the judgment of the court refusing a new trial has been rendered, and not afterwards.   Miller v. State, 21 Texas Crim. App., 275.   In that case appellant offered to file a good and sufficient bond in double the amount, which was refused; and it was there held that the action of the court was correct.   If an excuse could be offered for failure to file such bond, it has not been done in this case.   Appellant insists that he did not have a lawyer, but relied on the constable and the justice of the peace to perfect his appeal.   This affords no excuse.   The law requires and places the obligation on him to perfect his appeal; and if he had procured a lawyer, and his own lawyer had made the same mistake, it could not avail him anything.   The judgment is affirmed.

*Affirmed.*