## Ex Parte Paul DeLoche.

### No. 3215. Decided December 21, 1905.

**Habeas Corpus—Misdemeanor—Plea of Guilty—Appeal—Mandamus—Constitutional Law.**

Where relator pleaded guilty to a misdemeanor in justice court, and thereupon presented good and sufficient appeal bond for an appeal to the county court, it was error for the justice of the peace to refuse to file said bond because defendant had pleaded guilty; but relator should have availed himself of the writ of mandamus from the county court, and was not entitled to the writ of habeas corpus.

From. Henderson County.

Original application for habeas corpus for release from a commitment upon a fine for misdemeanor, and refusal of justice of the peace to permit filing of appeal bond on appeal to county court.

The opinion states the case.

E. P. *Miller* and *W. R. Bishop,* for relator.—On question of mandamus: Meyer v. Carolan, 9 Texas, 251; Bledsoe v. International Ry. Co., 40 Texas, 537; Jones, Stern & Martin v. Orange Wells, 3 W. & W. Civil Cases, sec. 94–5; Muller v. Humphreys, 4 id., sec. 10; Burdett v. Marshall, 3 Texas, 24.

J. E. *Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Applicant being restrained of his liberty by the sheriff of Henderson County sued out the writ of habeas corpus before this court. The agreed facts show: That on August 16, 1905, applicant pleaded guilty to two cases in the Justice Court of precinct number 8 of Henderson County, before W. M. Malloy, justice of the peace of said precinct—one of the cases being for gaming and the other for vagrancy. The justice entered judgment in both cases, upon the pleas of guilty, fining applicant $10 in each case, and remanding him to custody until the fine and costs should be paid. Thereafter on August 23, 1905, applicant's attorneys presented and left with the justice of the peace, appeal bonds in each of said cases. The justice of the peace considered and informed applicant's counsel that the parties signing the bonds were responsible, and same were sufficient, as far as sureties were concerned, but he considered applicant could not appeal from a plea of guilty, and for this reason alone the said justice refused to approve the bonds and order applicant released. It is agreed that said bonds are sufficient both as to amount and sureties; and that the bonds are in compliance with the law in other respects. And on August 23, the justice on motion of the county attorney entered judgments nunc pro tunc in said two cases, fining him $10 in each case and remanding him to custody, as stated above. Thereafter on August 20, applicant caused to be presented to the justice and left with him, two appeal bonds of date August 26, 1905, appealing from the judgment of August 23rd. And it is agreed that these bonds are sufficient in amount and the sureties are sufficient and were so considered by the justice of the peace, and comply with the law in other respects. But the justice refused to approve the bonds and order applicant discharged, for the reason that he considered no appeal would lie from a plea of guilty in the justice court. So the question presented is, whether or not defendant can appeal from a judgment of conviction in the justice court on a plea of guilty? The Constitution provides, * * * "and appeals to the county courts shall be allowed in all cases decided in justices' courts where the judgment is for more than $20, exclusive of costs, and *in all criminal cases,* under such regulations as may be prescribed by law." Art. 5, sec. 19. A plea of guilty applies to the facts; and would not deprive defendant of the right of appeal. Defendant might desire to test the validity of the law, the sufficiency of the complaint or complain of the amount

of the fine, upon appeal to the county court. His plea of guilty would not deprive him of these rights. We hold that applicant was entitled to have good and sufficient appeal bonds in the terms of law, approved by the justice of the peace, in order that he might perfect his appeals to the county court. But, in view of the fact that he failed to avail himself of the writ of mandamus at the hands of the county court, compelling said justice of the peace to file said bond, he cannot come to this court, and ask any relief in the premises. Applicant is remanded to the custody of the sheriff, and the costs herein incurred are taxed against him.

*Remanded to custody.*