## Ex Parte W. I. Hunt.

### No. 2911. Decided November 26, 1913.

**Vagrancy—Writ of Habeas Corpus—Mandamus.**

Where defendant was seeking a discharge from arrest by writ of habeas corpus because he had been deprived of his right of appeal by the failure of the court to approve his bond, this would not justify a resort to the writ of habeas corpus, but he should have applied for a writ of mandamus. Following Ex parte Deloche, 50 Texas Crim. Rep., 525.

Appeal from the County Court of Scurry. Tried below before the Hon. C. R. Buchanan.

Appeal from a denial of writ of habeas corpus asking release from a conviction of vagrancy; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of vagrancy in the Corporation or Mayor's Court in the town of Snyder. He sets up, in substance, that he was in charge of the city marshal, and that he had employed an attorney to appeal his case; that he was taken to jail and not given time to make his bond, which had been fixed in the sum of fifty dollars. The city marshal had a check of his for one hundred dollars. Appellant had deposited this amount with him, which it seems was intended to operate as a guarantee that he would not run away,

'or perhaps to act in place of the bond.  However, appellant did not give bond.  He asserts some of the papers were informal; that they show he was convicted in the Mayor's Court, when in fact it was the Corporation Court.  On the trial of the case Wolfe, the city marshal, testified that he had relator in jail under a commitment issued by the mayor of the town of Snyder, which commitment he had and identified.  This commitment, however, is not in the record.  He states he had made no return on the commitment.  The docket of the Corporation Court was identified, and the complaint was also identified as against relator.  It is also shown by this witness there was never any bond presented to him for approval, nor was he asked by relator's attorney to accept any bond.  There was a check given him for one hundred dollars, but no bond, but this check was given the officer after the time relator's right to make a bond had expired.  He further testifies he had $30.27 of applicant's money that he had on him at the time of arrest, which money he placed in the bank, and is now held by him at the relator's request for safe keeping.  That relator had never at any time presented him any bond; that his bond was first fixed at $50 and then the mayor set same at $100; that all the cost was not in at the time the bond was fixed at $50.  This witness further states he saw relator sign a bond for $50, and when Mr. Payne, his attorney, and witness went to the mayor's office and the amount of the fine and costs being run up, showed it was more than $25, and the mayor raised the bond to $100.  He further testifies he was under the impression that he was told by the attorney representing relator that the bond was raised to $100, and saw relator sign this bond but no other person signed it; that he never had any kind of bond presented to him for approval; he only had the $100 check, and that was after the time for relator to file bail bond had expired.  This is the case on the facts.

This leaves the matter in doubt as to what appellant was seeking.  If he was seeking to be discharged under these circumstances because he had been deprived of his right of appeal for the failure of the court to approve his bond, even had he presented one, and it had been sufficient, would not justify a resort to writ of habeas corpus.  He had a remedy against the mayor with reference to approving the bond, but it seems appellant did not even present an appeal bond for approval either to the mayor or to the city marshal.  Had he desired to consummate his appeal he should have followed the statute, and in case the officer refused his legal rights, his duty then was to apply to the county judge for mandamus proceedings to force the mayor or other officer to follow the law.  A case directly in point is Ex parte DeLoche, 50 Texas Crim. Rep., 525.  Under the authority of that case this judgment will be affirmed.

*Affirmed.*