# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1913-14.

## State *v.* Thomas.

*Habeas Corpus.*

(Decided November 30, 1913.  63 South. 688.)

1. *Criminal Law: Plea of Guilty; Appeal.*—A plea of guilty does not preclude a defendant from complaining and appealing from a judgment and sentence entered on the plea, unless it is entirely voluntary, was not induced by fear, persuasion, misrepresentation, the holding out of false hopes, or made through inadvertence or ignorance.

2. *Same; Circumstances.*—Where, at the time, defendant pleaded guilty, and judgment was entered thereon, he was only sixteen years old and not represented by counsel, the mere fact that the judgment was entered on his plea of guilty, did not require a finding that the plea was voluntary, or entered under such circumstances as to make the judgment final and not appealable.

3. *Same; Inferior Court: Right to Appeal; Findings.*—The general right of appeal from any judgment of the inferior court to the circuit court being warranted under Local Acts, 1907, p. 82, and the circuit judge being warranted in finding that defendant duly claimed an appeal from such judgment was not required to further find that the judgment was properly entered on a plea of guilty so as to cut off defendant's right to seek a trial de novo by appeal.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Henry Thomas was convicted in the inferior criminal court upon a plea of guilty, and judgment entered sentencing him to seven months hard labor.  Notice of appeal was given which was denied by the inferior court

on the ground that no appeal would lie from a plea of guilty. He thereupon sued out writ of habeas corpus before the judge of the circuit court of Mobile county, who took him from the custody of the lessees of convicts and remanded him to the sheriff to be held by him in default of bail, and the state appeals. Affirmed.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. No brief reached the Reporter.

WEBB & McALPINE, for appellee. While it may be discretionary with the trial court as to whether or not it will allow a plea of guilty to be withdrawn after conviction in the inferior court on such plea, the great weight of authority is that the right of appeal exists, and that the appellate court should inquire into the circumstances surrounding the plea, and be satisfied of its voluntary character.—12 Cyc. 837; 23 Il. 353; 24 L. R. A. (N. S.) 443; 33 Am. Rep. 36; 115 Mass. 152; 110 Pac. 494; 78 Atl. 868; 6 N. W. 682; 11 N. W. 778; 92 Mass. 401, and cases there cited.

WALKER, P. J.—The result of the order made by the circuit judge was to recognize as effective an appeal claimed by the defendant in the inferior court of Mobile county from a judgment of conviction of that court against him. Coupled with the admission made on the hearing that the appeal was duly claimed by the defendant, was the further admission that the judgment of conviction was entered on the defendant's plea of guilty to the complaint against him, and that his right to appeal was denied in the court which rendered that judgment "upon the ground that there could be no appeal from a plea of guilty." Assuming that the circuit judge on the

[State v. Thomas.]

hearing before him would have been justified in refusing to give effect to the appeal if it had been made to appear that it had been taken from a judgment of conviction properly entered on a plea of guilty, yet it cannot be said that the record shows that the evidence on the hearing was such as to require the conclusion that the plea of guilty was entered in such circumstances as to deprive the defendant of the right to question the conclusiveness of its effect upon him or to appeal from the judgment of conviction rendered upon it.

A plea of guilty does not preclude a defendant from complaining of the judgment and sentence entered upon it, unless it is entirely voluntary, and not induced by fear, misrepresentation, persuasion, or the holding out of false hopes, or made through inadvertence or ignorance.—*Lowe v. State,* 111 Md. 1, 73 Atl. 637, 24 L. R. A. (N. S.) 439, 18 Ann. Cas. 744; 12 Cyc. 253.

On the hearing below it was admitted that the defendant at the time of his trial in the inferior court was just 16 years of age and was not represented by counsel. The further admission of the bare fact that the judgment of conviction was entered on his plea of guilty did not require a finding that that plea was voluntary or entered in such circumstances as to make the judgment rendered on it such a finality as not to be the subject of an appeal by the defendant.

The statute in the most general terms confers the right of appeal "from any judgment" of the inferior court.—Local Acts of Ala. 1907, pp. 82, 83. On the evidence adduced on the hearing below the judge was warranted in finding that the defendant duly claimed an appeal from the judgment of conviction, and was not required to find that the judgment was properly entered upon a plea of guilty so as to cut off any right of the defendant to seek by an appeal a trial de novo of the

charge against him. The state was in the attitude of admitting that the defendant had duly claimed an appeal and of seeking to destroy the effect of this admission by showing that the judgment sought to be appealed from was so conclusively binding upon the defendant as not to be the subject of an appeal by him. From a showing merely that there was a plea of guilty, it did not necessarily follow that that plea was entirely voluntary and free from any infirmity, so that it should prevent the defendant from questioning the conclusiveness of the judgment entered upon it. In this state of the evidence, it cannot be said that the circuit judge was in error in giving effect to the appeal, as he did by the order appealed from. We are not to be understood as affirming that the state may not, in the court to which the case was removed by appeal, raise the question of the defendant's having precluded himself by a plea of guilty from contesting the charge made against him.

Affirmed.