[No. 17485. Department One. February 1, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY ECKERT, *Appellant*.[1]

CRIMINAL LAW (60-2)—APPEAL FROM JUSTICE COURT—RIGHT TO APPEAL—PLEA OF GUILTY. The constitutional and statutory right of every person convicted before a justice of the peace to appeal, is waived by a plea of guilty in the justice court (PARKER, J., dissenting).

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered February 27, 1922, dismissing an appeal from a conviction in a justice's court after a plea of guilty. Affirmed.

*Hanna, Miller & Hanna*, for appellant.

. *G. A. Weldon* and *Charles E. Fleming*, for respondent.

BRIDGES, J.—The only question in this case is whether one who, is charged before a justice of the peace with the commission of a crime, where he pleads guilty, may thereafter appeal to the superior court, when on that appeal no collateral questions, such as

[1]Reported in 212 Pac. 551.

the validity of the statute under which the charge is made, the sufficiency of the complaint, the jurisdiction of the court, and the circumstances under which the plea was made, are raised.

The appellant here was so charged, plead guilty, judgment of sentence was entered, and he appealed to the superior court. The state's motion to dismiss the appeal on the ground that, under such circumstances, no appeal would lie was sustained.

Section 22, of art. I, of the state constitution provides that persons charged with crime shall have "the right to appeal in all cases." Section 1919, Rem. Comp. Stat., provides that: "Every person convicted before a justice of the peace is given the right to appeal." While both the constitution and the statute give the defendant in a criminal case a right to appeal, that right may be waived in many ways, and among others, by a plea of guilty, which is, in effect, a confession. It would seem to be trifling with the courses of the law to permit a defendant charged with crime, in one hour to confess his guilt and in the next to appeal from the judgment based on his confession. This accords with the view taken by most of the text books and the decided cases.

In 2 R. C. L., page 60, it is said:

"As a general rule, a judgment by confession is not reviewable either by appeal or writ of error, and in a criminal case a party cannot have a judgment properly entered on a plea of guilty reviewed by appeal or writ of error, since such judgment is in effect a judgment by confession."

In the case of the *City of Edina v. Beck,* 47 Mo. App. 234, the defendant plead guilty in the mayor's court to a criminal charge against him and subsequently appealed. The court said:

"This question out of the way, and the conclusion follows that the appeal was properly dismissed, unless we can hold that a party may appeal from a judgment properly entered against him upon his plea of guilty, which is in effect a judgment by confession. This we cannot hold. It is true that there is no express limitation of the right of appeal in these cases, the statute, as well as the ordinances of Edina, granting appeals in all cases, and not excluding in terms appeals from judgments by confession, as the law applicable to justices of the peace does. This, however, does not give the defendant a right to appeal from a judgment where there is nothing to be tried by the appellate court. At common law the defendant might withdraw his plea of guilty before judgment, but he could not do it after judgment, as he attempts to do in this case. With the plea of guilty in the case there was nothing for the circuit court to try, unless it could retry the propriety of the fine imposed as to amount, and that such a question cannot be tried anew upon appeal, has been expressly decided."

See, also, the following authorities to the same effect: 19 Ency. Plead. & Prac. 505; 17 C. J. 32; *Holsclaw v. State,* 114 Ind. 506, 17 N. E. 112; *Stokes v. State,* 122 Ark. 56, 182 S. W. 521; *Emsweller v. Wallace,* 88 S. E. (W. Va.) 787; *Lowe v. State,* 111 Md. 1, 73 Atl. 637.

The case of *Weaver v. Kimball,* 58 Utah 72, 202 Pac. 9, is directly contrary to the view we have taken and fully supports the contention of the appellant. We are unable, however, to follow the reasoning of that case.

The appellant also cites *State v. Thomas,* 9 Ala. App. 1, 63 South. 688. There the defendant plead guilty and subsequently appealed. Under the peculiar facts of that case, the court upheld the appeal, saying:

"Assuming that the circuit judge on the hearing before him would have been justified in refusing to give

effect to the appeal if it had been made to appear that it had been taken from a judgment of conviction properly entered on a plea of guilty, yet it cannot be said that the record shows that the evidence on the hearing was such as to require the conclusion that the plea of guilty was entered in such circumstances as to deprive the defendant of the right to question the conclusiveness of its effect upon him or to appeal from the judgment of conviction rendered upon it.''

The court held that, inasmuch as the defendant was only sixteen years of age, and was not properly warned by the trial court of the effect of a confession of guilt, he had a right to appeal.

Such, also, was the case of *Ex parte De Loche*, 50 Tex. Cr. 525, 100 S. W. 923, where it was held that a plea of guilty upon the facts would not deprive the defendant of the right to appeal for the purpose of testing the validity of the law under which he was charged or the sufficiency of the complaint.

Nor is the case of *Ex parte Harrell*, 57 Ore. 95, 110 Pac. 493, contrary to the view we have taken, because there the defendant plead guilty and the court took testimony for the purpose of establishing the degree of homicide.

Questions of this character are not involved here. There is no contention that the statute under which the charge was made is invalid, or that the complaint was insufficient, or that the defendant did not voluntarily plead guilty with a full and complete knowledge of his rights and the effect of his plea. Whether one who had plead guilty in a lower court can appeal and raise questions like those above mentioned, it is not necessary for us to decide because such matters are not in the case.

The judgment is affirmed.

MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.

PARKER, J. (dissenting)—I am unable to concur in the foregoing opinion. I think the defendant has, by the plain terms of the constitution, the right of appeal; and that his right of appeal under our statutes means his right to have the case disposed of upon the merits in the superior court. Under our statutes, §§ 1914, 1919, Rem. Comp. Stat., an appeal from a justice court to a superior court does not bring the case into the superior court for the purpose of reviewing claims of error committed by the justice court, with a view of determining whether the judgment rendered by the justice court shall be reversed or affirmed; but as was said in the decision of this court in *State v. Bringgold,* 40 Wash. 12, 82 Pac. 132, 5 Ann. Cas. 716:

"An appeal of a criminal case, from a justice of the peace to the superior court, vests the superior court with jurisdiction to proceed in the case as if it had been originally commenced in that court. It tries the case *de novo,* and pronounces such judgment as it deems the case warrants. If it finds that the complaint filed in the justice's court fails to state facts sufficient to constitute a crime, it has jurisdiction either to discharge the defendant, allow the complaint to be amended by the filing of a new complaint, or direct that an information be filed against him charging him with that offense which it appears to the court he has committed. In either event the cause proceeds as if originally commenced in the superior court."

Our later decisions adhere to this view of the nature of the jurisdiction of the superior court over the case when it reaches that court by virtue of proper notice of appeal. *State v. Hagimori,* 57 Wash. 623, 107 Pac. 855; *Seattle v. Molin,* 99 Wash. 210, 169 Pac. 318; *Seattle v. Savage,* 103 Wash. 71, 174 Pac. 1183; *State v. Koerner,* 103 Wash. 516, 175 Pac. 175.

While the jurisdiction of the superior court may be in a sense appellate, it is in substance original in so far as procedure and ultimate disposition of the case in that court is concerned. I am of the opinion that the appellant would, if he desired, have the right in the superior court to withdraw his plea of guilty entered in the justice court, if timely application be made by him therefor, and enter a plea of not guilty, under the same circumstances he would be entitled to withdraw a plea of guilty and enter a plea of not guilty prior to the commencement of a trial in the superior court, were he originally accused in that court. Conceding, however, that the appellant's plea of guilty must stand in the superior court as entered in the justice court, I would still be of the opinion that the superior court must, under the statute, proceed as if the plea of guilty were entered therein and render its judgment accordingly as a court of original jurisdiction. In other words, the cause is, by the terms of the statute, to be disposed of by the superior court upon the merits as if originally commenced in that court. Of course, if there be some defect in the notice of appeal, or if there be a want of diligent prosecution of the appeal, a dismissal of the appeal in the superior court may be had for either of those reasons; but the appeal should not be dismissed, as was done by the superior court in this case, for other reasons. The appellant in this case, I think, had an absolute right to have a judgment upon the merits rendered either for or against him by the superior court, following either a trial *de novo* in that court or a plea of guilty, rather than suffer a dismissal of his appeal, letting the judgment of the justice court remain the final judgment against him. In other words, appellant, at all events, has the right to have the original

independent judgment of the superior court on the question of the extent of the punishment he shall suffer, when his appeal is not dismissed for want of timely sufficient notice of appeal or for want of diligent prosecution thereof.