(96 South. 316)

### WRIGHT v. CITY OF BESSEMER.
### (6 Div. 872.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Criminal law ⚖⇒1144(13)—In state of record any evidence sustaining rulings held presumed.**

Any evidence that will sustain the rulings of the court below will be presumed; there being in the record no bill of exceptions or evidence.

**2. Municipal Corporations ⚖⇒642(1)—Appeal to circuit court from conviction in recorder's court of violation of ordinance permissible.**

Under Code 1907, §§ 1217, 1451, defendant may, by giving bond, appeal to the circuit court from conviction in a recorder's court of violation of an ordinance.

**3. Municipal corporations ⚖⇒643—Woman may not be punished by labor on street for violating ordinance.**

Sentence for a woman, on conviction for violating an ordinance, to pay a fine, or in lieu thereof to labor on the streets, is as to the latter part violative of Code 1907, § 1450, prohibiting such a punishment of a woman for such an offense.

**4. Criminal law ⚖⇒1026—Voluntary plea of guilty does not prevent complaint of unreasonable fine or unreasonable or unauthorized punishment.**

A plea of guilty, though voluntary, does not prevent appeal and complaint of an unreasonable fine or unreasonable or unauthorized punishment, thereafter imposed.

**5. Municipal corporations ⚖⇒642(4)—Trial on appeal from recorder's court to circuit court de novo.**

By express provision of Code 1907, § 1217, trial in the circuit court on appeal from conviction in recorder's court is de novo.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Lizzie Wright was convicted in recorder's court of violating an ordinance of the city of Bessemer, appealed to circuit court, and from judgment there dismissing her appeal, she further appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Benton & Bentley, of Bessemer, for appellant.

Defendant was entitled to appeal from the judgment of the recorder's court to the circuit court. Code 1907, §§ 1217, 1451; State v. Thomas, 9 Ala. App. 1, 63 South. 688.

Bumgardner & Wilson, of Bessemer, for appellee.

A plea of guilty will not preclude an appeal, unless it is entirely voluntary, not induced by fear, misrepresentation, etc. State v. Thomas, 9 Ala. App. 1, 63 South. 688; Redman v. State, 8 Ala. App. 408, 62 South.

992; Bond v. State, 103 Ala. 90, 15 South. 893.

MILLER, J. Lizzie Wright, the appellant, pleaded guilty in the recorder's court of the city of Bessemer to a charge of violating a prohibition ordinance of the city. She was fined by the court $100 and costs, $2.50, or in lieu thereof sentenced to serve 205 days at hard labor upon the streets of the city. This was on May 2, 1922. This judgment also recites defendant appealed to the circuit court of Jefferson county, Bessemer division, her bond being fixed at $300, which was made and approved May 2, 1922.

On May 10, 1922, defendant demanded a jury trial in writing, which was filed that day in the circuit court (Bessemer division). The city solicitor of the city of Bessemer on September 19, 1922, filed written motion to dismiss the appeal. The court granted the motion, to which ruling of the court defendant duly excepted, and the appeal was dismissed by order of the court on September 19, 1922, and from this judgment the defendant appealed, on September 19, 1922, to this court.

[1] There is no bill of exceptions in the record, and there is no evidence before this court. This being true, this court will presume any state of evidence to sustain and uphold the rulings of the lower court. Lamar v. King, 168 Ala. 285, 53 South. 279. See, also, authorities cited in 1 Michie's Dig. p. 506, § 907 (4).

The motion to dismiss the appeal reads as follows:

"Now comes the city of Bessemer by its solicitor and moves this court to dismiss the defendant's appeal in this case, and as grounds for said motion says that when this case was originally tried in the recorder's court of the city of Bessemer that this defendant entered a plea of guilty to the offense charged, and from which she appealed, and the city alleges that said plea of guilty was entirely voluntary, and not induced by fear, misrepresentation, persuasion, or the holding out of false hopes, or made through inadvertence or ignorance."

The foregoing motion follows the rule stated in the opinion of Presiding Judge Walker in State v. Thomas, 9 Ala. App. 1, 63 South. 688, on this subject, which is as follows:

"A plea of guilty does not preclude a defendant from complaining of the judgment and sentence entered upon it, unless it is entirely voluntary, and not induced by fear, misrepresentation, persuasion, or the holding out of false hopes, or made through inadvertence or ignorance. Lowe v. State, 111 Md. 1, 73 Atl. 637, 24 L. R. A. (N. S.) 439, 13 Ann. Cas. 744; 12 Cyc. 253."

[2] The court erred in overruling defendant's demurrer to the motion and in granting the motion and dismissing defendant's ap-

peal. The appeal was authorized by section 1217, of the Code of 1907, which provides:

"And in any case the defendant may take an appeal to such court by giving bond with good and sufficient sureties, payable to the city, to be approved by the recorder or officer trying the case, conditioned to be void if the defendant appears from term to term of said court, until discharged by law, to answer said charge, but unless such bond be given within five days from the date of the judgment no appeal shall be allowed from such judgment."

This authorizes an appeal by a defendant in any case. See, also, section 1451, Code 1907, as to appeals from judgments of conviction for violation of municipal ordinances or by-laws.

The appeal was taken by the defendant within five days after the judgment and sentence in the municipal court, in the mode and manner required by the statute, and the appeal bond was approved by the mayor. Sections 1217 and 1451, Code 1907.

[3] It appears from the record proper that in the recorder's court the defendant pleaded guilty, was fined $100, and the cost amounted to $2.50; and defendant was sentenced to pay the fine and cost, or in lieu thereof to serve 205 days at hard labor upon the streets of the city. This sentence to hard labor on the streets is not authorized in this case by statute. This punishment cannot be imposed on a woman, and defendant is a woman. A woman must not be punished by subjecting her to work on the streets. Section 1450, Code 1907.

[4] A plea of guilty, voluntarily made, in a recorder's court, not induced by fear, misrepresentation, persuasion, or the holding out of false hopes, or made through inadvertence or ignorance, does not preclude the defendant from complaining at an unreasonable fine or unreasonable punishment or unauthorized punishment. If the amount of the fine or the length of the sentence is unreasonable, or if an unauthorized sentence is imposed, the defendant may appeal to the circuit court from the judgment of conviction in the recorder's court based on the plea of guilty. The plea of guilty does not consent to an unreasonable fine or unauthorized punishment. The plea of guilty is prior to the punishment, and the punishment is fixed after the plea of guilty.

[5] The motion fails to state the fine was reasonable, and that the punishment fixed was reasonable and authorized by statute. The statute provides the trial in the circuit court on appeal shall be de novo. Section 1217, Code 1907.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.