[No. 25204. Department Two. December 10, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN HADDON, *Appellant*.[1]

*Thomas Smith* and *James G. Smith,* for appellant.

*John W. Brisky* and *Thos. K. Chambers,* for respondent.

MITCHELL, J.—A complaint was filed in a justice of the peace court charging Dan Haddon with the crime of "driving and operating a motor vehicle on, over and across the public streets and highways while he, the said Dan Haddon, was under the influence of intoxicating liquor."

He was arrested upon an arrest warrant and tried the next day after the crime was committed. He pled "guilty," on having the complaint read to him at the trial. Thereupon, the testimony of three witnesses was taken, evidently pursuant to Rem. Rev. Stat., § 1931 [P. C. § 9439], which reads:

"No justice shall assess a fine, or enter a judgment thereon, until a witness or witnesses have been examined to state the circumstances of the transaction."

[1]Reported in 38 P. (2d) 227.

A judgment, well within the provisions of the law fixing punishment for the crime, was entered against the defendant.

He then employed an attorney, by whom he gave notice of appeal to the superior court, and furnished an appeal bond, both of which were duly filed in the superior court.

It appears that he discharged that attorney and employed his present one, through whom he made and filed in the superior court a petition for leave, according to the prayer of his petition, to introduce testimony

" . . . to the fact that said judgment of guilty being irregularly obtained under a mistake and introduced and procured without the defendant's knowledge of its effect and without his having been advised of his rights in any respect, and that said defendant be permitted and allowed to have a trial upon the merits of said cause, or that the said defendant be permitted to vacate the judgment in justice court, for the purpose of having a trial upon the merits herein."

The petition was heard by the superior court upon testimony on behalf of the respective parties. The state at that hearing moved to dismiss the appeal for the lack of jurisdiction because of the plea of guilty in the justice of the peace court and the lack of collateral matters that might otherwise give the superior court jurisdiction.

A number of witnesses were examined as to what occurred at the trial before the justice of the peace. The testimony showed without question that the defendant was twenty-three years of age, had been through the common schools and just completed four years' service in the United States Navy. Further, and on behalf of the state, the testimony was to the effect that the complaint (couched in plain language as it was) was read and explained to him; that he

made no request of any kind of the justice of the peace; that upon suggestion of the justice of the peace the defendant said that he did not desire to question any of the witnesses as they were engaged in testifying; and that he voluntarily and knowingly pled guilty. Much of this testimony on the part of the state was disputed, but the judge of the superior court had the witnesses before him.

Believing, as he did, the testimony on behalf of the state, as outlined above, rather than that on behalf of the defendant, the decision was in favor of the state, and its motion to dismiss the appeal to the superior court was granted. The defendant has appealed.

In deciding the case, the trial court correctly stated the controlling question to be as follows:

"Well, upon a conviction on a plea of guilty in a justice's court I take it this court has no jurisdiction unless there has been some irregularity in which he has been deprived of his rights, so the main question here is whether he voluntarily pleaded guilty or not."

Upon deciding that there was no irregularity in the trial before the justice of the peace to the detriment of appellant's rights, and that it appeared he voluntarily pled guilty before the justice of the peace, the motion to dismiss the appeal for lack of jurisdiction was granted. The decision was correct, upon the authority of *State v. Eckert*, 123 Wash. 403, 212 Pac. 551, wherein it was held that there is no appeal to the superior court from a plea of guilty before a justice of the peace when on that appeal no collateral questions, such as the validity of a statute under which the charge is made, the sufficiency of the complaint, the jurisdiction of the court, and the circumstances under which the plea was made, are raised.

Upon referring to the *Eckert* case, the appellant

argues, as we understand, that it is not controlling here because, in the present case, there are "circumstances under which the plea was made," mentioned in the rule, that were not present in that case.

However, the circumstances under which the plea was entered in this case were gone into by the superior court upon the petition and request of the appellant. As already stated, testimony was introduced by both sides (to an extent of which no complaint is made) that clearly justified the decision that there were no irregularities, and that the plea of guilty was knowingly and voluntarily entered.

In *State v. Alberg,* 156 Wash. 397, 287 Pac. 13, reference, with full approval, was made to the holding in *State v. Eckert, supra.* That rule has become settled in the practice in such cases in this state.

The dismissal of the appeal to the superior court is affirmed.

BEALS, C. J., HOLCOMB, STEINERT, and BLAKE, JJ., concur.