167 So. 605

## ROWELL v. STATE.
### 8 Div. 298.

Court of Appeals of Alabama.
April 14, 1936.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The appellant in this case, an ignorant negro girl, was arrested and brought before the city recorder by one of its police officers, on a warrant based upon an affidavit charging appellant with assault and battery in violation of an ordinance of the city. Upon her appearance, without a lawyer or without any one to advise her of her legal rights in the matter, the court "switched" the charge and proceeded to try her for a violation of a state statute instead of for a violation of the city ordinance as charged in the affidavit. To the charge, appellant interposed a plea of guilty, and upon this plea the recorder entered judgment for a fine of $100 and costs and an additional term of six months at hard labor. From this judgment, appellant filed an appeal bond fixed and approved by the recorder to the law and equity court of Lauderdale county, and said bond and appeal were duly filed in said law and equity court. Whereupon the solicitor, as required by law, filed his information charging appellant with assault and battery.

After the cause had thus far proceeded, the state, through its solicitor, and the city of Florence, through its attorney, moved the court to dismiss the appeal on the ground that the appellant had pleaded guilty in the recorder's court. The court granted this motion and dismissed the appeal and remanded appellant to the authorities of the city of Florence to serve the sentence imposed.

■ 1. The city of Florence was not a party to the suit, and the remandment to the city authorities was without authority of law.

■ 2. By section 1945, Code 1923, a recorder has concurrent jurisdiction with the county courts of all misdemeanors committed within the town or city or within the police jurisdiction thereof. When trying a defendant by authority of section 1945, supra, the punishment must be fixed under and by authority of section 1946, Code 1923. Culpepper v. Adams, 1 Ala.App. 536, 55 So. 325.

■ 3. Our statute, Code 1923, § 3837, is very general, giving to defendants the right of appeal to the circuit court in *all* (italics ours) cases of conviction for misdemeanor, and after appeal is taken, the case is transferred to the higher court, there to be tried de novo. Code 1923, § 3843.

When the appeal is allowed by the court in which the cause originated and is perfected by the execution and approval of the

requisite appeal bond, the jurisdiction of the circuit court, or, as in this case, the law and equity court of Lauderdale county, attaches and must proceed to judgment in that court.

4. The general rule, that when a judgment is properly entered on a plea of guilty it cannot be reviewed by appeal or writ of error, 17 C.J. 32 (3295), has its exceptions as is pointed out in State v. Thomas, 9 Ala.App. 1, 63 So. 688; Wright v. City of Bessemer, 209 Ala. 374, 96 So. 316; Puckett v. State, 24 Ala.App. 217, 133 So. 63.

5. There is a marked difference between appeals from judgments in a court of record to an appellate court, seeking review of the acts and rulings of the lower court on the record presented, and appeals from judgments in county courts and courts of like jurisdiction, where trials are more or less informal. In the former, the judgment is final, subject to affirmance or reversal by the appellate court; in the latter, the whole cause is transferred to the higher court for a more formal trial de novo, and a judgment is there rendered on the merits. The reason for this distinction is obvious and the instant case furnishes a perfect illustration of its necessity. The defendant was arrested on a warrant charging a violation of a city ordinance, a conviction for which carried an extreme penalty of a fine $100 and thirty days at hard labor. The defendant was an ignorant negro girl, about grown, and the charge was an assault and battery on a girl child who was her niece and whom she whipped for stealing. The charge was preferred by the grandmother of the child.

Having the parties before him, the recorder, as an officer of the city of Florence, evidently concluded that the punishment under the ordinance was not severe enough and without the formality of a charge or notice to defendant turned himself into a state judge and entered judgment on the plea of guilty for a violation of a state law. Becoming aware of the severity of the punishment, she sought legal counsel and perfected an appeal to a court of record, with more formal rules of procedure. In similar cases, Texas has undertaken to protect defendants by constitutional provision, giving the right of appeal in all criminal cases, and Alabama has done so by statute, Code 1923, §§ 3837 and 3843. Ex parte De Loche, 50 Tex.Cr.R. 525, 100 S.W. 923.

The trial should have proceeded in the law and equity court and the motion of the state should have been denied.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.