EX PARTE ANTON WELLS.

No. 22633. Delivered October 27, 1943.

The opinion states the case.

*Tom S. Williams,* of Sulphur Springs, and *Hayden C. Covington,* of Brooklyn, N. Y., for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant and five other parties claiming to be illegally restrained of their liberty were granted writs of habeas corpus. Upon hearing all of the parties were discharged save appellant Wells, who was remanded to the custody of the sheriff of Leon County, and it is from such order this appeal comes.

Appellant and other parties referred to were convicted in the Justice Court, Precinct No. 5 of Leon County of disturbing the peace. Appellant filed with the Justice of the Peace an appeal bond. That bond was not formally approved by the Justice, but it together with the original papers were forwarded to the County Court. If the Justice ever prepared a transcript from his court it never found lodgment in the County Court.

When the case was called for trial in the County Court it was dismissed upon motion of the District Attorney. Thereafter a capias pro fine was issued out of the Justice Court, and under this process appellant was arrested by the sheriff, and it was from such restraint that appellant sought release by habeas corpus proceeding.

Art. 833 C. C. P. prescribes the requisites of an appeal bond from the Justice Court to the County Court, which particularly directs that the bond "shall recite that in said cause the de-

fendant was convicted and has appealed." The bond presented by appellant to the Justice of the Peace is captioned as follows: "The State of Texas, County of Leon, No. _____. In Justice Court, Precinct No. 5." By the terms of the bond appellant and his sureties acknowledged themselves bound to the State of Texas in the sum of $80.00 and "conditioned that, whereas, the said Anton Wells stands charged by complaint with a misdemeanor in violation of the laws of the State of Texas." It will be observed that there is nothing in the bond which identifies the case against appellant either by style or number and contains no recital that appellant had been *convicted* in the Justice Court.

The grounds set up in the motion to dismiss the appeal in the County Court were: (1) "That the appeal bond filed herein by Anton Wells is not signed by the principal Anton Wells, and that this court has not acquired jurisdiction of the defendant and is without jurisdiction to hear an appeal herein." (2) That there was no transcript from the Justice Court showing a final judgment in said court. The recitals in the order dismissing the appeal shows that it was because the County Court had no jurisdiction.

The record before us shows satisfactorily that appellant had signed the bond in question. If the transcript from the Justice Court had not been filed in the County Court this could have been accomplished by proper procedure in the County Court. 21 Tex. Jur. p. 426, Sec. 8; Ex parte Hunt 161 S. W. 457; Ex parte De Loche 50 Tex. Cr. R. 525, 100 S. W. 923. Appellant could not rely upon habeas corpus in lieu of the procedure available to him. While the Justice of the Peace did not formally approve the bond furnished by appellant it will be regarded as having been approved by him when he filed same in the County Court. Taylor v. State, 16 Tex. Cr. R. 514.

When a valid appeal bond as prescribed in Art. 833 C. C. P. has been filed with the Justice of the Peace who tried the case the appeal is perfected. Art. 834 C. C. P. It is admitted by appellant in his brief that the appeal bond herein was defective, but he seeks to avoid the effect of the invalidity of the bond on the ground (a): that he had no attorney in the Justice Court, and that the form of the bond was furnished him by the Assistant County Attorney, and (b) that in the motion to dismiss the appeal the defect in the form of the bond was not pointed out; that if it had been called to appellant's attention he could have filed a new bond as permitted under the provision of Art. 835 C. C. P.

The fact that appellant had no attorney in the Justice Court and relied on the Assistant County Attorney as to the form of the bond affords no excuse for failure to provide a proper bond. The law places such burden on him. Ward v. State, 38 Tex. Cr. R. 545.

It is apparent that the appeal bond here in question was invalid and never conferred jurisdiction on the County Court. Whether or not the motion to dismiss the appeal specifically pointed out the defect in the bond, the fact remains that the County Court never acquired jurisdiction, and the appeal was properly dismissed. It, therefore, was proper to issue capias pro fine for satisfaction of the unvacated judgment in the Justice Court. Ex parte McNamara, 33 Tex. Cr. R. 363.

The judgment remanding appellant is affirmed.