[No. 31795. Department One. September 28, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JACKSON C. BURGESS, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Jackson C. Burgess, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,* for respondent.

FINLEY, J.—Jackson C. Burgess filed an original petition in this court for a writ of *habeas corpus.* He alleged that he was restrained of his liberty in the state penitentiary under judgment, sentence and commitment by the superior court of Clark county; that the judgment and sentence were void and of no legal effect. The superintendent of the state penitentiary, respondent, denied petitioner's allegations of unlawful restraint. Thereupon, respondent was ordered to show cause in the supreme court why the petition should not be granted. A hearing on the show cause order has been held. Both petitioner and respondent submitted briefs, and the latter presented oral argument.

Attached to the petition for the writ is a copy of the court reporter's transcript of the proceedings at the time of petitioner's arraignment. This copy has been certified

[1] Reported in 235 P. (2d) 830.

by the official court reporter and attested to by the Clark county clerk. It has not been certified by the superior court of Clark county. We are not confronted with an appeal and the absence of certification by the trial court is not necessarily significant, but we are reluctant to accept and to give full effect to the copy of the reporter's transcript, as indicative of the facts and what transpired at the arraignment, since it does lack official court certification.

However, in the petition and through the reporter's transcript of the proceedings, petitioner has made a showing of facts which, if true, might entitle him to some relief. In our minds, two questions are raised: (1) whether, at the time of the arraignment, petitioner intelligently or understandingly and unequivocally pleaded guilty to the offense charged; and (2) whether petitioner understandingly waived his right to counsel. We believe he is entitled to a hearing and an opportunity to present testimony on these questions.

The cause is referred to the superior court of Cowlitz county for a hearing to ascertain the facts and to reach a determination regarding the above two questions. This disposition of the matter is based upon Rule 56 of the new Rules of Court, 34A Wn. (2d) 60, which in part reads as follows:

"Any judge of this court may issue writs of *habeas corpus*, returnable before himself or this court, or any superior court or any judge thereof; or may make an order to show cause why the writ should not issue, returnable before this court, or any judge thereof, or before any superior court, or any judge thereof."

The writ or relief prayed for may be granted or withheld by the superior court of Cowlitz county. We shall abide with the result as there determined, pending appeal therefrom by one of the interested parties. The superintendent of the state penitentiary shall deliver the petitioner into the custody of the sheriff of Cowlitz county to permit petitioner to attend the hearing ordered to be held as soon as convenient to the superior court of Cowlitz county.

It is realized that rearraignment of the petitioner may be necessary, if, after a hearing, the superior court to which the matter is referred should decide that petitioner's constitutional rights have been violated on either ground mentioned heretofore. Also, it is realized that rearraignment must be had in Clark county.

With only this practical consideration in mind, the matter might very well be referred for hearing to Clark county. There is no doubt that the court in that county would handle the matter fairly and expeditiously and that petitioner's constitutional rights would be respected and safeguarded. However, the prosecutor of Clark county or the petitioner may feel that the testimony of the trial judge of Clark county who presided at petitioner's arraignment would be of considerable significance in connection with the hearing and disposition of the cause. This has happened recently in another case which we have considered. Obviously, the trial judge who presided at the arraignment could not now be a witness relative to what transpired at the arraignment, and at the same time preside at the hearing to be held on the petition for the writ of *habeas corpus*.

There is, of course, another superior court judge in Clark county, and the matter could be referred there and he could either (a) preside at the hearing, or (b) call in a superior court judge from another county to preside at the hearing. In either of these events, there might be some embarrassment to one or the other of the Clark county judges. One of them would have to initiate and assume the responsibility as to whether a judge from another county should be called in to preside at the hearing. We, therefore, think it is best to avoid any possibility of the slightest embarrassment to either of the Clark county judges; and also to relieve both judges of any responsibility in initiating action or deciding whether to call in another superior court judge to preside at the hearing.

There is one other practicable consideration. Inasmuch as the petitioner is now in the state penitentiary, the cause might be referred to Walla Walla county for hearing. This

procedure would necessitate travel by the judge who presided at the arraignment—certainly, if he should be called as a witness. That might be quite inconvenient and might interrupt the handling of affairs in his court. Cowlitz county is close by; no extensive travel or great amount of time would be required if either the prosecutor or the petitioner should desire the trial judge to be a witness. It is in view of the practicable considerations discussed here that the matter is referred to the superior court of Cowlitz county for hearing.

SCHWELLENBACH, C. J., MALLERY, HILL, and GRADY, JJ., concur.