[No. 32266. Department Two. November 6, 1952.]

*In the Matter of the Application for a Writ of Habeas Corpus of* PETER SHERRY, *Petitioner*, v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

Willard J. Roe, for petitioner.

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

PER CURIAM.—The petitioner filed an original petition for a writ of *habeas corpus*. We are again confronted with factual. issues similar to those presented in *In Re Burgess v. Cranor*, 39 Wn. (2d) 428, 235 P. (2d) 830 (1951), *i.e.*: (1) Did the petitioner, at the time of arraignment, intentionally, understandingly and unequivocally plead guilty to the offense charged? (2) Did the petitioner understandingly waive his right to counsel?

As in the *Burgess* case, *supra*, the petitioner has made a showing which entitles him to present testimony on these issues, and the matter is referred to the superior court for Clark county for hearing. The respondent will deliver the petitioner into the custody of the sheriff of Clark county to permit him to attend that hearing, which shall be held as soon as convenient to the superior court for Clark county.

Should the petitioner establish the affirmative of either of those issues, he shall be rearraigned in the superior court for Clark county. If he fails so to do, the writ of *habeas corpus* will be denied and he will be remanded to the custody of the respondent under the existing judgment and sentence.

Any determination of those issues by the superior court, is, of course, subject to appeal by the party aggrieved.

[1]Reported in 249 P. (2d) 775.